## PRESTON *v.* KEHOE *et als.*

To SUSTAIN forcible entry and detainer, plaintiff must have been in actual possession; and, where the land is public land, not taken up under our Possessory Act, nor under the federal laws, such actual possession can be shown only by actual inclosure, or its equivalent.   Merely putting down stakes, or marking out a boundary line is not sufficient.

In such action, proof of forcible detainer does not prove forcible entry.

Where the complaint avers forcible and unlawful entry, and that defendants forcibly detained the premises so unlawfully taken, forcible entry must be proven— the averment of detainer not being stated as an independent ground of relief.

APPEAL from County Court.

The complaint avers that " defendants forcibly and unlawfully and with strong hand entered," etc.; and that " defendants, since said unlawful entry, and since the first day of June, 1857, have continued forcibly and unlawfully, and with strong hand to hold and keep possession so unlawfully obtained as aforesaid," etc.

The answer denies the allegations of the complaint and avers the premises to be public land, and not in the possession of any one when defendants entered.

Suit was for six hundred and sixty-seven acres of land. Plaintiff lived at a place called Preston's Point, upon this land, and had about seventeen acres inclosed there, and three-fourths of a mile from his house, he had twenty acres under cultivation. As to the remaining six hundred and thirty acres, he designed inclosing them, had posts hauled upon the line of the intended fence, and laid seven feet apart, for about three-quarters of a mile. As to about eighty yards on the side of a gulch, there were no posts laid, but only signal stakes put up from thirty to forty rods apart, to mark the line of the contemplated fence. Preston was not at work upon the fence at the date of the alleged entry. There was nothing to prevent cattle from roaming over the land in question, outside of the seventeen acres, and the cattle of the neighborhood pastured upon it in common.

On the first of June, 1857, the defendants went upon an uninclosed piece of the land and claimed it as public land. They put up a small house on that day. Neither Preston, nor any one in his behalf, was present. There was no disturbance or breach of the peace. The house and corral occupied about half an acre. About the first of July, 1857, Preston finished his fence, which completed an inclosure sufficient to turn cattle. This inclosure left Kehoe's house on the inside of it.

All the defendants worked at the house on the first of June, 1857. After that they left. Kehoe resided in San Francisco; Murphy, a defendant, resided about two and a half miles distant; Gall boarded with Murphy, but went occasionally to the house in question. Preston continued to occupy the whole tract of six hundred and sixty-seven acres, with the exception of the land on which the house was built, up to the time of the trial of this cause. Neither party has title to the land.

Plaintiff had verdict and judgment for the whole tract, as also for damages. Defendants appeal.

*W. Skidmore*, for Appellants.

Plaintiff must show actual possession, not a mere exercise of casual acts of ownership over the premises. (*House* v. *Keiser*, 8 Cal. 499; *Murphy* v. *Wallingford*, 6 Id. 649; *Plume* v. *Seaward*, 4 Id. 94; *Treat* v. *Stewart*, 5 Id. 115; *Cresop* v. *Hutson*, 9 Gill, 269; Wood's Dig.

art, 2531, sec. 9 ; *Scarlett* v. *Lamarque,* 5 Cal. 63.)   2. Force in the entry being alleged, must be proved. (*Fraser* v. *Hanlon,* 5 Cal. 160.) This action can be maintained in two cases only. 1st. Where there is a forcible entry. 2d. Where the entry is unlawful, and the detainer forcible. Here there was neither. The instructions of the Court, that it was unnecessary to prove force in the entry, if the detainer was forcible, and that, from forcible detainer the jury could infer forcible entry, were wrong. (5 Cal. 156.) So of the instruction that no fence was requisite. There must have been an inclosure, or the land must have been cultivated. (Wood's Dig. art. 13, sec. 13 ; 8 Cal. 499 ; 9 Gill, 269 ; 2 Johns, 230 ; U. S. Dig. vol. 2, p. 134, sec. 382.) Nor was it sufficient to have commenced a fence, or put down posts, etc. This kind of possession suffices only when the Possessory Act is complied with. (*Bird* v. *Dennison,* 7 Cal. 297 ; 8 Id. 499.).

*H. Toler Booraem, Jr.,* also for Appellants.

—— *Reynolds,* for Respondent.

Plaintiff had, under the evidence, the actual possession. (*Machin* v. *Geortner,* 14 Wend. 239 ; *Plume* v. *Seward,* 4 Cal. 94 ; *Preston* v. *Kehoe,* 10 Id. 445.) The evidence supports the allegation of forcible and unlawful entry. (*Frazer* v. *Hanlon,* 5 Cal. 159 ; *O' Callaghan* v. *Booth,* 6 Id. 63 ; *Scarlett* v. *Lamarque,* 5 Id. 63 ; *Moon* v. *Goslin,* 5 Id. 266 ; *McCauley* v. *Weller,* 12 Cal.) As to the quantity of land recovered. (*Vallejo* v. *Fay,* 10 Cal. 377.) The instructions are correct under the above cases.

*Crockett & Crittenden,* also for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This was a proceeding of forcible entry and detainer for a tract of agricultural land in Marin county.

Among other instructions, the Court gave these on the trial:

" 1. It is not necessary to prove force in the entry if the detainer is forcible.

" 2. Forcible holding warrants the jury in presuming a forcible entry.

" 4. It is not necessary to have had the land fenced, to constitute an actual possession by the plaintiff.

" 5. Such a commencement of the fence as to vindicate (indicate ?)

Preston *v.* Kehoe.

his boundary, constituted an actual possession as much as if he had it finished."

The land seems to have been public land, and is alleged to have been taken up by the plaintiff in a quantity of some six hundred acres or more. It was not taken up under the Possessory Act of the State.

The last instruction seems to be directly opposed to the decision of this Court in the same case, when it was here before. (See 10 Cal. 445.)

The other instructions are erroneous as they are stated. It cannot be held that a mere forcible detainer, apart from any question of prior possession, or the right to it, is equivalent to, or proves a forcible entry. If this were so, it would follow that this remedy might be taken whenever a party in possession of right of his own property, opposed force to the taking of that possession from him by one having no right of entry. The instruction does not suppose the case of an intrusion upon the possession of the plaintiff by the defendant without force, and then a maintaining of the possession so acquired by force, but seems to be independent of this state of facts, to hold that the mere exhibition by force on the part of the possessor is sufficient to render him amenable to the claimant of the possession, in this summary proceeding.

The complaint in this case seems to be for the forcible entry of the premises. It is true, in connection with the allegation of forcible entry, is the statement that the defendants forcibly detained the premises so unlawfully taken. Under this complaint, it was necessary to prove the forcible entry, the fact of the detainer being stated, not as an independent ground of relief, but as a mere continuation or consequence of the first act.

We cannot see, if the plaintiff had not fenced in this public land, but was merely preparing to do it, that this gives such actual possession to all the land within the lines by which he indicates the ground he designs to inclose, as warrants this process against one coming within a part not inclosed. Perhaps this would not be the case if the plaintiff came within the Possessory Act of this State, or if he made entry under the federal laws. But when the land is that of the Government, and the plaintiff has no further title than possession, that possession must be a *possessio pedis*. He must show an actual inclosure, or something equivalent, as evidence of an actual exclusive appropriation and dominion. If this were not so, a man might take up ten thousand acres of the public land, by merely putting down stakes or making a line of boundary. Judgment reversed and cause remanded.