[No. 8,552.—Department Two.]
November 16, 1882.

## MOSES HOLLAND v. M. M. GREEN.

FORCIBLE ENTRY AND DETAINER—COMPLAINT—PLEADING.—The complaint alleged "that on the twenty-sixth day of January, 1882, the defendants unlawfully entered upon said land, and turned this plaintiff out of the possession thereof, by threats and menacing conduct, and ever since that time, said defendants have and still do hold the possession thereof, by threats of violence against this plaintiff." *Held:* Sufficient.

ID.—UNLAWFUL ENTRY—GOOD FAITH.—In such an action a lease to the defendant from a third person is not admissible in evidence.

APPEAL from a judgment for the plaintiff and from an order denying a motion for a new trial in the Superior Court of Los Angeles County. HOWARD, J.

The lease from Mary L. Gould referred to in the opinion was offered "for the purpose of showing the good faith of the entry of" the defendant.

*Will D. Gould & James H. Blanchard,* for Appellants.

The complaint jointly alleges two offenses: the defendants "unlawfully entered" upon the land in question, and that they "hold possession thereof by threats of violence." "The combining of principles applicable to the different elements of the cause of action leads to uncertainty and confusion; the two ideas should have been kept separate and distinct." (*Fogarty* v. *Kelly et al.,* 24 Cal. 320.)

There is no finding how the entry was made. It is alleged to have been unlawful. "One who has the title and present right of possession, may always take peaceable possession of what he claims to be his own." (*Phenix Mill and Mining*

*Co.* v. *Lawrence et al.,* 55 Cal. 144; *Potter* v. *Mercer,* 53 id. 674; *Dennis* v. *Wood,* 48 id. 364; *Powell* v. *Lane,* 45 id. 678; *Townsend* v. *Little,* id. 676; *Shelby* v. *Houston,* 38 id. 410–22.)

*Bicknell & White* and *Chas. J. Ellis,* for Respondent.

All the questions involved in this appeal are discussed in the case of *Voll* v. *Hollis,* 60 Cal. 569.

The COURT:

The first ground upon which appellants rely for a reversal of the judgment below is that the complaint is substantially defective. The averment is " that on the said twenty-sixth day of January, 1882, the defendants unlawfully entered upon said land, and turned this plaintiff out of the possession thereof, by threats and menacing conduct, and ever since that time said defendants have and still do hold the possession thereof by threats of violence against this plaintiff." We think that the above averment brings this case within Section 1159, C. C. P., which provides that " every person is guilty of a forcible entry * * * who, after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in possession."

2. The second finding is that the defendants " then and there by force, threats, and menacing conduct toward the plaintiff, turned him out of the possession of said land, and ever since that time the defendants have and still do hold possession of said land;" and the evidence in this case was sufficient to support the finding.

3. The Court did not err in excluding evidence of a lease from Mary L. Gould to one of the defendants. (*Voll* v. *Hollis,* 60 Cal. 569.) .

Judgment and order affirmed.