[S. F. 2007. In Bank.—January 26, 1903.]

## NORMAN M. KERR, Respondent, v. JOHN O'KEEFE et al. JOHN O'KEEFE, Appellant.

FORCIBLE ENTRY AND DETAINER.—Although an entry upon land lawfully in possession of the plaintiff was peaceably made, the subsequent exclusion of the plaintiff, by force and threats, constitutes a forcible entry under the statute.

ID.—PLEADING—SINGLE COUNT—DEMURRER—UNCERTAINTY.—The complaint in an action for forcible entry and detainer is not demurrable because it alleges the defendant's unlawful entry and forcible exclusion of the plaintiff and a forcible detainer of the premises in one count; and where the record shows that the overruling of a demurrer for uncertainty was without substantial injury to the appellant, the uncertainty will not justify a reversal of the judgment.

ID.—IMPROPER DEFENSES—RIGHT OF ENTRY—LEASE—CROP MORTGAGE.—Under the Code all entries on the actual possession of another are unlawful; and the question of good or bad faith on the part of the defendant is not involved. The defendant cannot justify such entry under a lease giving a right of entry for rent due and unpaid, nor under a crop mortgage part due giving such right of entry; and defenses under them were properly stricken from the answer.

APPEAL from a judgment of the Superior Court of Contra Costa County. J. P. Jones, Judge.

The facts are stated in the opinion.

Sullivan & Sullivan, R. H. Latimer, and F. M. Smith, for Appellant.

Forcible entry and forcible detainer are distinct causes of action, and must be stated in separate counts. (*Valencia* v. *Couch*, 32 Cal. 342;[1] *Shelby* v. *Houston*, 38 Cal. 420.) The entry was peaceable, and not forcible, and cannot be complained of in this action. (*Frazier* v. *Hanlon*, 5 Cal. 156; *Polack* v. *McGrath*, 25 Cal. 54; *Merrill* v. *Forbes*, 23 Cal. 380; *Hodgkins* v. *Jordan*, 29 Cal. 577; *McMinn* v. *Bliss*, 31 Cal. 126; *Buel* v. *Frazier*, 38 Cal. 693; *Wilbur* v. *Cherry*, 39 Cal. 660; *Peacock* v. *Leonard*, 8 Nev. 88.) The entry was under a right of possession given by the lease and by the crop mortgage, and the defendant had a right to

---

[1] 91 Am. Dec. 587.

show this. (*Murray* v. *Burriss,* 6 Dak. 170; *Conaway* v. *Gore,* 27 Kan. 122; *Owen* v. *Doty,* 27 Cal. 504; *Powell* v. *Lane,* 45 Cal. 677; *Smith* v. *Detroit Loan and Building Assn.,* 115 Mich. 340;[1] *Stearns* v. *Sampson,* 59 Me. 568.[2])

W. S. Tinning, for Respondent.

The complaint was sufficient. (*Holland* v. *Green,* 62 Cal. 68; *McMinn* v. *Bliss,* 31 Cal. 127.) Error in overruling a demurrer for uncertainty is not ground for reversal, where no substantial injury appears to have been done. (*Alexander* v. *Central Lumber Co.,* 104 Cal. 536; *Holland* v. *McDade,* 125 Cal. 356.) The invasion of the actual possession of another held under circumstances showing that the possession will not be surrendered without a breach of the peace constitutes a forcible entry and detainer. Questions of title and right of possession cannot arise. (*McCauley* v. *Weller,* 12 Cal. 500; *Mitchell* v. *Davis,* 23 Cal. 381; *Voll* v. *Hollis,* 60 Cal. 569; *Holland* v. *Green,* 62 Cal. 67; *Bank of California* v. *Taaffe,* 76 Cal. 630; *Giddings* v. *Land and Water Co.,* 83 Cal. 100.)

CHIPMAN, C.—The complaint alleges the peaceable and actual possession of the land in question on September 1, 1896; that on September 3, 1896, "and while plaintiff was in the actual and peaceable possession of said land and premises, the defendant unlawfully entered on the said land, and then and there turned this plaintiff out of the possession thereof, by threats of violence and menacing conduct towards the plaintiff, and ever since said last-mentioned date said defendants have held, and still hold, the possession thereof. by threats of violence against this plaintiff"; alleges a growing crop of grapes and Indian corn on the premises "at the time of the entry of said defendants, of the value of $500, which by reason of the acts aforesaid of the said defendants was wholly lost to the plaintiff"; that "plaintiff has sustained damages by reason of said forcible entry of said defendants hereinbefore stated in the sum of $1,500"; that defendants "unlawfully hold and keep possession of said premises, and have so held and kept possession of the same

[1] 69 Am. St. Rep. 575.          [2] 8 Am. Rep. 442.

at all times since the said third day of September, 1896'';
that, ''in consequence of the said acts of defendants, plaintiff
has been deprived of the rents, issues, and profits of said
lands to his damage in the sum of $500''; prays restitution
and damages in the sum of $2,000, and that the same be
trebled. The complaint was filed April 12, 1897. Defendants
demurred to the complaint on the ground of insufficiency of
facts; for ambiguity in not stating which one of defendants
committed the alleged unlawful acts; that it does not appear
who was in possession on September 2, 1896, whether de-
fendant or some one else; nor can it be determined from the
complaint how plaintiff was damaged in the sum of $1,500;
that for like reason the complaint is uncertain; also on the
ground that an action for forcible entry against one of de-
fendants is improperly united with an action of forcible
detainer against both defendants. The demurrer was over-
ruled and defendants answered, denying specifically the al-
legations of the complaint. As a second defense, the
answer alleged. that defendant, John O'Keefe, on October,
1895, entered into an agreement of lease with plaintiff
whereby O'Keefe leased to plaintiff the land in dispute for
a term of three years from October 1, 1895, at a cash rental
of $1,250 per annum, the first year's rent to be paid July 15,
1896; the second year's rent to be paid half-yearly,—to wit,
October 1, 1896, and April 1, 1897; and the third year's rent
half-yearly on October 1, 1897, and April 1, 1898. Plaintiff
agreed not to sell or remove any of the crops until the rents
are first paid. It was also stipulated that the lease also gave
defendant the right to re-enter the premises, in case of de-
fault in any of the covenants, and remove all persons there-
from. The answer alleges that the accrued rental for 1896
and on April 1, 1897, was due and unpaid; that said defend-
ant entered the premises in 1896, after plaintiff had aban-
doned possession, and after plaintiff had violated every
covenant of said lease, and that defendant found one John
Minaker in possession, in violation of the lease, and said Min-
aker claimed possession against the whole world; that after-
wards, in 1896, Minaker abandoned possession, and defendant
entered without interference by plaintiff or any one else, and
defendant ever since has had peaceable possession. As a third

CXXXVIII. Cal.—27

defense, it is alleged that on July 16, 1896, plaintiff executed and delivered to defendant, John O'Keefe, his promissory note for $1,330, secured by a mortgage on the crops of hay growing on said land; that by the terms of said mortgage defendant was given the right to enter into the premises, "to view the same, or to take any measure necessary for the protection of said crops or his interests therein," and constituting defendant plaintiff's attorney with full power "to enter upon said premises and take possession of said crop," etc.; that plaintiff violated all the covenants of said mortgage, and defendant, "by reason thereof, did enter peaceably upon said premises and take possession of said premises and crops under and by authority of said mortgage." A fourth defense is, that defendants have been in the peaceable possession of the land for one whole year next before the commencement of the suit, and that their interest therein is not now ended. Defendants also filed a cross-complaint alleging the lease, its breach by plaintiff, and that plaintiff claims some right under it, and praying that defendant's title to the land be quieted against any claim of plaintiff.

The court granted a motion to strike from the files the cross-complaint; also overruled the demurrer to the second defense, and sustained the demurrer to the third defense. The cause was tried before a jury, and plaintiff had a verdict against defendant, John O'Keefe, for $800, on which the court gave judgment for $2,400 and adjudged restitution of possession to plaintiff. Defendant, John O'Keefe, appeals from the judgment and from the order denying his motion for a new trial. During the trial the action was dismissed as to defendant, John O'Keefe, administrator of the estate of Dennis O'Keefe, deceased. Other facts appear in the opinion. On denying the motion for a new trial, the court reduced the amount of the judgment to the extent of $1,350, to which the plaintiff consented.

Appellant contends,—1. That his motion for a nonsuit at the close of plaintiff's evidence should have been granted; 2. The demurrer should have been sustained on the ground of uncertainty and also on the ground that a cause of action for forcible entry had been improperly united in one count with an action for forcible detainer; 3. The evidence is insufficient to support the verdict, (*a*) because the evidence

fails to establish a forcible entry or a forcible detainer, and
(*b*) because under the pleadings the alleged forcible detainer
was a mere continuation or consequence of the alleged forcible
entry, and as the entry was not forcible the action must fail;
4. The court erred in sustaining plaintiff's objection to the
introduction in evidence of the lease executed by plaintiff
and defendant, John O'Keefe, and pleaded in the second de-
fense; 5. The court erred in sustaining the demurrer to de-
fendant's third defense relating to the crop mortgage given
by plaintiff to defendant; and 6. The court erred in giving
and refusing certain instructions.

Plaintiff resided with his family on a farm two or three
miles from the farm in question, but he had actual possession
under his lease from defendant, and the land was occupied by
his hired men as occasion required. At the time of the al-
leged unlawful entry one Minaker was stopping in the ranch-
house, and was on the place for the purpose of retaining pos-
session of certain hay he had harvested there and for which
he had not been paid, and which he was then baling; he was
also looking after the place for plaintiff up to the time de-
fendant entered. Minaker testified that John O'Keefe and
his brother Dennis came to the house about 1 o'clock in the
afternoon of the last of August or first of September. They
brought blankets, some provisions, and a shot-gun, and occu-
pied the house with Minaker. He testified that he forbade
them from taking possession. Defendants did not interfere
with Minaker or in his work, and he remained on the place
for a month or more after defendants entered. The next day
after the O'Keefes came to the house witness informed plain-
tiff of the fact, and on the following day plaintiff came to
the ranch-house. Plaintiff testified: "I went over to the
place to see what was the matter, and I asked O'Keefe what
was he doing there, and he said he had possession of the place
and was going to stay there. I told him I would give him
just five minutes to get off the ground, and he said he would
not go. . . . He said if I pay the rent he would go away."
Plaintiff then went to his home, and did not return again to
the O'Keefe ranch until after about two weeks. John
O'Keefe testified that when plaintiff first came to the house
he (defendant) said: "Mr. Kerr, I came here to see if I could
get my rent or some of the crop that was planted on my

ground. I said, I don't want to come here if you pay me my rent. I will clear out and not bother you any more.'' The entry of defendant was in fact peaceable, without force or show of force, and when plaintiff first came to the ranch nothing occurred to indicate any intention on the part of defendant to defend his possession by force. About two weeks later plaintiff returned to the ranch for the purpose of cutting the corn then ready to be harvested. He had not proceeded far with the work when John and Dennis O'Keefe appeared and ordered plaintiff to stop cutting the corn and get off the place. Plaintiff replied that the corn was his, and he intended to harvest it. He testified: ''When I said that they both rushed under the fence and threw up their hands at me, and they said, 'We will make you get out of here; you've got to get off of here; you have n't paid your rent and you have got to get out of here.' '' When the O'Keefes got nearer to plaintiff, he threatened them with the corn-knife in his hand; they again told plaintiff to stop cutting the corn, which he refused to do, and thereupon, as he testified, John O'Keefe started for the house, declaring that he would make him get off the place. Plaintiff testified: ''Knowing that he had a shot-gun over there, I did n't know what his intentions might be. I said to Minaker, 'I guess I had better get out of here.' I thought discretion the better part of valor. I got out.'' He was asked if O'Keefe was angry, and replied: ''Angry? I should say angry, and very threatening in his manner. I thought I would n't try it. I did not care to get hurt or injured in any way. I had a wife and children depending upon me; I did not dare to take any chances.'' Minaker was present during part of the altercation. His testimony shows that the conduct of the O'Keefes was very threatening, and he testified: ''From the appearance and conduct of the parties at the time I thought he [plaintiff] was in danger of being injured.'' Without stating further the evidence on this point, we think it was sufficient to justify the verdict. Section 1159 of the Code of Civil Procedure declares that every person is guilty of a forcible entry: '' . . . 2. Who, after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in possession''; and section 1160 declares that every person is guilty of a forcible detainer who either ''1. By force, or menaces

and threats of violence, unlawfully holds and keeps possession of any real property, whether the same was acquired peaceably or otherwise." Section 1172 of the Code of Civil Procedure provides: "On the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was entitled to the possession at the time of the forcible detainer." The defendant may show quiet possession for the space "of one whole year together next before the commencement of the proceedings, and that his interest therein is not ended or determined."

In *Voll* v. *Hollis*, 60 Cal. 569, *McCauley* v. *Weller*, 12 Cal. 500, was approved, where the court said: "Questions of title or right of possession cannot arise; a forcible entry upon the actual possession of plaintiff being proven, he would be entitled to restitution, though the fee-simple title and present right of possession are shown to be in the defendant." And the court said in *Voll* v. *Hollis*: "We cannot see that *good faith* constitutes an element in a defense to a forcible entry or a forcible detainer, under the provisions of the Code of Civil Procedure above referred to, nor that an entry peaceably made and in good faith cuts any figure in a defense to a forcible detainer. In either action, the defense is limited as in section 1172 of the Code of Civil Procedure, above cited." Referring to the earlier cases where it was held, under former statutes, that good faith could be shown by a conveyance to the defendant of the premises, the court said: "Under the code, all entries on the actual possession of another are unlawful, and the question of good or bad faith on the part of defendant no longer affects the right of recovery in this form of action."

If there was any uncertainty in respect of the matters alleged in the demurrer, the record shows that appellant suffered no substantial injury therefrom, and in such a case the uncertainty will not justify the reversal of the judgment. (*Holland* v. *McDade*, 125 Cal. 353.)

Although the entry was peaceably made, the subsequent exclusion of plaintiff by force and threats constituted a forcible entry under the statute.

To make a case under the pleadings, it was not necessary to prove that the entry was in fact by force and threats. The intention of the statute was to meet just such a case as this, where the entry is accomplished without force, but is retained, and the rightful owner or person entitled to possession is driven off or excluded by force and violence. The complaint was not demurrable, because the unlawful entry and forcible detainer were alleged in one count; it was not such a complaint as was in *Preston* v. *Kehoe,* 15 Cal. 318, cited by appellant, which was forcible entry of the premises; but was rather such a complaint as was that in *Holland* v. *Green,* 62 Cal. 67, which was held sufficient.

The lease as evidence was immaterial as justification for the entry, and so also was the crop mortgage, and the defense set up under it was properly stricken out.

The objection to the third instruction is based on the erroneous theory that it was necessary to show that the entry in the first instance was by force. The same may be said of the objection to the fifth instruction. Defendant's third instruction, which was refused, was based erroneously upon the theory that the defendant entered peaceably and that such an entry defeated the action.

We discover no prejudicial error in the record, and therefore advise that the judgment and order be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Lorigan, J., Henshaw, J., Shaw, J., Angellotti, J., Van Dyke, J.,

Rehearing denied.