[L. A. No. 3118. Department Two.—July 25, 1913.]

WILLIE E. WHITE, Respondent, v. AUGUSTE E. PFIEFFER, Appellant.

FORCIBLE DETAINER—NATURE OF INQUIRIES IN ACTION.—In summary proceedings under forcible detainer to obtain possession of property the inquiry is confined to the peaceable possession of the property by plaintiff, the unlawful entry therein, and forcible detention by defendant.

UNLAWFUL ENTRY OBTAINED BY FRAUDULENT PRETENSE.—A person, who by a fraudulent pretense that she desired to make a temporary inspection of a house, took actual possession and permanent occupancy of the premises, without the consent of the party entitled to the possession, is guilty of an unlawful entry.

ID.—POSSESSION OF PLAINTIFF AT TIME OF UNLAWFUL ENTRY.—In order to support an action for forcible detainer based upon an unlawful entry, actual physical possession of the property by the plaintiff when the alleged unlawful entry was made need not be shown. It is sufficient, under section 1172 of the Code of Civil Procedure, that the plaintiff was then entitled to the possession.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Leonard B. Slosson, for Respondent.

LORIGAN, J.—This action in forcible detainer was brought under subdivision 2 of section 1160 of the Code of Civil Procedure. Judgment was entered for plaintiff and defendant's motion for a new trial being denied she appeals from both the judgment and the order.

The facts are that appellant and respondent had entered into negotiations for the exchange of properties which was never consummated. While these were pending, however, appellant obtained the key to the house of the property of the plaintiff, embraced in the contemplated exchange, with the declared purpose of looking over the house and seeing what furniture it would be necessary for her to purchase to put it in condition for renting if the exchange were effected. Instead of merely inspecting the house appellant forthwith took possession and occupancy of it and refused to move out when respondent verbally demanded that she do so. Thereupon respondent served a written demand on appellant to surrender possession, which she refused to do, and this action in forcible detainer was brought.

Appellant contends that a question of title to the premises in dispute was involved between the parties and that under

the law this action in forcible detainer was not the proper remedy for plaintiff. No such question arises in the case. In summary proceedings under forcible detainer to obtain possession of property the inquiry is confined to the peaceable possession of the property by plaintiff, the unlawful entry therein, and forcible detention by defendant. (*Kerr v. O'Keefe*, 138 Cal. 415, [71 Pac. 447], and cases therein cited.) Proper allegations in all these particulars were made in the complaint of plaintiff. The evidence respecting the negotiations for the exchange of the land was gone into as bearing on the question of the manner of the entry of the defendant into the premises in the possession of the plaintiff. It was proven that under a fraudulent pretense that she desired to make a temporary inspection of the house she took actual possession and permanent occupancy of the premises without the consent of the plaintiff. This constituted unlawful entry and the court properly so found.

The premises were vacant when defendant entered them; they had theretofore been occupied by tenants of the plaintiff. This appearing, appellant asserts that to support an action for forcible detainer based upon an unlawful entry, actual physical possession of the property by the plaintiff when the alleged unlawful entry is made must be shown. But the complete answer to this is afforded by section 1172 of the Code of Civil Procedure where, as showing the possession required of the plaintiff in forcible detainer, it is declared that a plaintiff shall only be required to show that he "was entitled to the possession at the time of the forcible detainer." There can be no question here but that plaintiff was so entitled when defendant entered.

There was ample evidence to support the damages for detention awarded to plaintiff.

Some other points are made but they are of minor consequence. We have examined them; find them without merit and hence do not specially mention them.

The judgment and order appealed from are affirmed.

Henshaw, J., and Melvin, J., concurred.