[Civ. No. 2952. First Appellate District, Division One.—July 29, 1919.]

O. L. SEELYE, Respondent, v. THE SOUTHERN CALIFORNIA CANNING COMPANY (a Corporation), Appellant.

[1] CONTRACTS—ACTION FOR BREACH—CONFLICTING EVIDENCE—JUDGMENT—APPEAL.—In an action for damages for breach of a contract for the sale and delivery of the plaintiff's crops of fruit covering a series of years, if the evidence is in substantial conflict as to the material facts the decision of the trial court will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goodcell & Goodcell for Appellant.

E. H. Jolliffe and Archie D. Mitchell for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action brought by him against the defendant to recover damages for breach of a contract between the parties for the sale and delivery of the plaintiff's crops of fruit covering a series of years. The said contract was entered into in April, 1914, and by its terms the plaintiff sold and the defendant bought all of the peaches of specified kinds and grades that should be raised upon the plaintiff's orchard during the ensuing five years. The contract contained various conditions as to the care and delivery of the fruit by the plaintiff, and as to the acceptance and payment therefor by the defendant. The plaintiff's crop of fruit for the year 1914 was delivered and paid for pursuant to the terms of the contract, but as to the crop for the year 1915 disputes arose between the parties, during which some portions of the fruit tendered by the plaintiff were rejected by the defendant as being below standard as fixed by the contract. Other portions of said fruit were accepted, but, as claimed by the defendant, subject to certain discounts from the contract prices, on account of the fruit being inferior to the grade called for by the terms of the agreement. The parties having disagreed as to these matters, and hence as to the amount due to the plaintiff at the close of the cropping season, the plaintiff instituted this action wherein he sought to recover for the fruit delivered and tendered by him according to the full contract prices therefor provided in said contract. The trial of the cause was held before the court without a jury, and findings and judgment were thereupon entered in favor of the plaintiff for the amount prayed for in his complaint, whereupon the defendant prosecuted this appeal.

[1] Examination of the briefs of counsel will disclose that the entire discussion of the merits of the case upon appeal is a discussion of matters of fact, and that as to

each and every one of said matters, the evidence is in substantial conflict. This being so, the decision of the trial court upon all of such contested matters will not be disturbed upon appeal.

The sole contention of the appellant deserving even a passing consideration is the contention that under the terms of the contract between the parties, the appellant, as the purchaser of the fruit in question, was entitled to exercise an unbridled judgment as to whether any portion of said fruit was not in quality up to the specifications of the contract, and was entitled thereupon to elect to accept or refuse to receive said fruit, and that the seller thereof was, under the terms of said contract, bound to abide by the conclusion of the purchaser in this regard, and was not thereafter entitled to insist upon the delivery of such fruit so rejected, and hence that the judgment of the court in respect to so much of the said fruit as the purchaser had thus rejected was erroneous and excessive. We do not so interpret the contract between the parties, but, on the contrary, we are of the opinion shared by the trial court, that if the plaintiff's fruit was of the quality required by the terms of the agreement between the parties, he was entitled to deliver it, and the defendant was bound to receive it, or, in the event of his refusal, to pay such damages as were the rightful penalty imposed upon his wrongful rejection of the fruit. The judgment of the trial court imposed this penalty, and, in our opinion, imposed no more. There being no merit in this appeal, the judgment is affirmed.

Waste, P. J., and Bardin, J., *pro tem.,* concurred.