[Civ. No. 3254.  Second Appellate District, Division Two.—April 19, 1921.]

CALIFORNIA PRODUCTS, INCORPORATED (a Corporation), Respondent, v. ANNA MITCHELL et al., Appellants.

[1] FORCIBLE ENTRY—REMOVAL OF LOCK FROM DEMISED PREMISES—ABSENCE OF LESSEE.—A removal by lessors in the absence of the lessee of a lock from the door of the demised premises by means of which access was had to the premises and to which the lessee had the key and the substitution of a heavy padlock in place of such lock amounted to forcible entry within the meaning of section 1159 of the Code of Civil Procedure.

[2] ID.—PEACEABLE POSSESSION—ESSENTIAL.—In an action of forcible entry, it is necessary for the plaintiff to show, only, in addition to the forcible entry, that at the time of the entry he was peaceably in the actual possession of the property entered, and therefore questions of title and to the right of possession cannot be litigated.

[3] ID.—DEFAULT IN RENT—RIGHT OF LESSEES—LEASE—FORCIBLE ENTRY UNWARRANTED.—The lessors of demised premises are not entitled to take possession by forcible entry under a provision of the lease that in case the rent was not paid it should be lawful for them, "without previous notice or demand, to re-enter the demised premises and the same peaceably to hold and enjoy thenceforth as if this lease had not been made."

[4] ID.—RIGHT OF FORCIBLE ENTRY—POSITIVE LANGUAGE OF LEASE.—
A lease must contain most direct and positive language in order
to amount to a consent by a tenant that his possession may be
invaded by a forcible entry.

APPEAL from a judgment of the Superior Court of
Los Angeles County.   Louis W. Myers, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Glenn M. Ely, Charles W. Hackler and Allen G. Mitchell
for Appellants.

Kemp & Clewett for Respondent.

WORKS, J.—This is an action under a complaint in two
counts, one based upon a forcible entry, the other upon a
forcible detainer.   Judgment went for the plaintiff and the
defendants appeal.

The evidence shows, without dispute, that at a time when
the agents of respondent were away from the premises in
question, the appellants removed a certain lock from the
door by means of which access was had to the place and
to which lock respondent had the key.   Appellants then
effected an entrance to the premises and substituted a heavy
padlock in place of the lock.   Thereupon certain personal
property of respondent was removed from the place, prop-
erty of one of appellants was placed therein, and there-
after that appellant remained in possession of the premises,
excluding respondent therefrom.   At the time when appel-
lants effected their entrance into the property respondent
was five months in arrears in the payment of its rent.
Respondent was in possession, before the entry of appel-
lants, under a lease from some of them, the instrument
containing a provision that in case the rent reserved by it
were at any time unpaid it should be lawful for the lessors,
"without previous notice or demand, to re-enter the demised
premises and the same peaceably to hold and enjoy thence-
forth as if this lease had not been made."

The appellants contend that the evidence does not sup-
port several findings of the trial court, the point made being
dependent upon the settlement of two questions of law.   It
is insisted by appellants, first, that the acts committed by

them did not amount to a forcible entry; second, that they were permitted to retake possession of the premises, even in the manner in which they did, under the provision of the lease which we have quoted.

[1] The first question is not difficult of solution. The code provides (Code Civ. Proc., sec. 1159) that every person is guilty of a forcible entry who breaks open doors, windows, or other parts of a house, and it has been held (*Winchester* v. *Becker*, 4 Cal. App. 382 [88 Pac. 296]) that one who enters the house of another by the use of a false key, thus unlocking the door in the absence of the occupant, is within the language of the section. The court said, in deciding the question, "The meaning of the provision is that any opening of a closed door or window involving the use of force is to be regarded as 'breaking open' the door or window or house." The acts of the appellants in the present action clearly amounted to a forcible entry.

Coming now to the second question, Did the terms of the lease confer upon appellants the right to take possession of the property by means of a forcible entry, at the same time extending to them immunity from successful suit under the forcible entry statute? [2] In such an action it is necessary for the plaintiff to show, only, in addition to the forcible entry, that at the time of the entry he was peaceably in the actual possession of the property entered. (Code Civ. Proc., sec. 1172.) Therefore, questions of title cannot arise in such actions, nor can even questions as to the right of possession. Under the older state of the law the rule was different, but since the adoption of the code "all entries on the actual possession of another are unlawful, and the question of good or bad faith on the part of defendant no longer affects the right of recovery in this form of action" (*Kerr* v. *O'Keefe*, 138 Cal. 415 [71 Pac. 447]; *White* v. *Pfieffer*, 165 Cal. 740 [134 Pac. 321]). [3] We see nothing in the lease which gave appellants leave to enter the demised premises in defiance of the provisions of the salutary statutes against forcible entries. The right was certainly not conferred through any principle of waiver. [4] Considering the nature of the provisions of the statutes on the subject and the decisions construing them, some of which have been cited above, a lease must contain most direct and positive language in order to

amount to a consent by a tenant that his possession may be invaded by a forcible entry. Such a consent would place him at the mercy of his landlord. In a given case a landlord might claim rent to be unpaid and the tenant dispute the claim. Such a question might easily arise. If it did arise, a landlord armed with a lease conferring the right to forcibly enter, upon nonpayment of rent, need but await the temporary absence of the tenant, then take possession by whatever means, thus settling the disputed question for himself, or placing the burden of its settlement upon the tenant. Not only so, but under the contention of appellants he might make entry in the face of the tenant, even to the breaking down of doors, so long as he committed no breach of the peace as to others. It would require the most positive language in a lease to allow such practices and we find no such language in the instrument before us. Nor do we decide that such powers may be placed in the hands of a landlord by the terms of a lease. There are most decided considerations of public policy upon such a question. Forcible entries, made in the best of faith, may easily lead to brawls, affrays, and breaches of the peace.

Appellants were guilty of a forcible entry, the terms of the lease are no defense, and the findings inveighed against are supported by the evidence.

The next question made by appellants is that the trial court erred in ordering restitution of the entire premises to respondent. This point is made in view of the fact that, at the time the lease was made to respondent, two certain other parties had leases to parts of the property, but the contention of appellants is completely answered by the fact that these two leases were assigned to respondent and that, at the time of the forcible entry complained of, it was in possession of the whole premises. Respondent was clearly entitled to a restitution of the place in its entirety.

Two other points are presented by appellants, but we do not deem them worthy of extended notice. They are conclusively answered in respondent's brief and they are not pressed in appellants' reply brief. Under such conditions we may well consider them as waived.

The judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 16, 1921.

All the Justices concurred.