[Civ. No. 4400. Third Appellate District.—October 15, 1931.]

JESSE E. CLEMENT et al., Respondents, v. W. J. REYNOLDS et al., Appellants.

Barcroft & Barcroft, F. W. Taft and Jos. Barcroft for Appellants.

Conley, Conley & Conley, W. M. Conley, Philip Conley and Matthew Conley, for Respondents.

TUTTLE, J., *pro tem.*—This is an action for forcible entry and unlawful detainer. The judgment restored possession to plaintiffs and awarded them $100 actual damages. Defendants appeal from the judgment.

The evidence shows that the house was constructed upon real property which appellants, respondents and other parties owned as tenants in common. This house was built by respondents in 1923, and they lived there until 1930. In December 1930, appellants, in the temporary absence of respondents, forcibly broke open a door of the house and took possession thereof. When respondents returned they were not permitted to enter their home.

■ It is contended by appellants that the judgment should restrict the possession of respondents to their moiety, instead of giving them exclusive possession. This view is untenable. In an action for forcible entry, questions of title and right to possession cannot arise. (*California Products Co., Inc.,* v. *Mitchell,* 52 Cal. App. 312 [198 Pac. 646]; *Kerr* v. *O'Keefe,* 138 Cal. 415 [71 Pac. 447]; *White* v. *Pfieffer,* 165 Cal. 740 [134 Pac. 321].) The point urged by appellants, being based upon legal title, cannot be considered here. "The peace and good order of society demand that an actual and peaceable occupation of real estate, however it may have been originally acquired, shall not be disturbed by violence. The aim of the statute of forcible entry and detainer is to conserve the public peace, and not only to prevent and punish the forcible entry of those having no right of entry, but also of those who have a right of entry given by law. The action provided for is possessory in character; it is not intended as a substitute for the action of ejectment." (12 Cal. Jur., p. 597.)

The case of *Noble* v. *Manatt,* 42 Cal. App. 497 [183 Pac. 823], is of no assistance to appellants. The parties there were all *jointly in possession,* and the court very properly refused to give any one of them the exclusive possession.

■ There is nothing in the contention that the possession of respondents was a "scrambling" one. The court found otherwise upon abundant testimony.

Objections are made to rulings upon evidence, but we find no injury or prejudice resulting therefrom.

The appeal is devoid of merit, and accordingly the judgment is affirmed.

Plummer, J., and Preston, P. J., concurred.