SHAW, P. J.
I dissent, because I am unable to agree that the ground on which the landlord seeks the tenant’s removal under section 6(a) of the Rent Regulation for Housing need not exist at the time the landlord gives notice of removal to the tenant.
While this regulation, which was issued by the Price Administrator under the Emergency Price Control Act of 1942, is in derogation of the usual rights of an owner of real property to occupy or dispose of it as he pleases, and for that reason its interpretation should not be pushed by strained implication or construction beyond the satisfaction of the purposes which brought it forth, yet those purposes, as declared by the act, in furtherance of which the Price Administrator is authorized to make regulations, are very broad (see 50 U.S.C.A.App., § 901) and the regulations made under this authorization should receive a reasonably liberal construction to carry out those purposes.
Section 6(a) of the regulation begins with the declaration that “So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover pos *Supp. 994 session, by exclusion from possession or otherwise, nor shall any person attempt such removal or exclusion . . . unless ...” Here follows an enumeration of five separate sets of facts, connected by the conjunction “or,” one of which is (6) discussed in the foregoing opinion (without renumbering (6), one set of facts, numbered (5), was removed by amendment). If the regulation stopped here, it must be concluded that the state of facts on which the right of removal is claimed need not exist at any time before an action to evict is brought.
But other provisions of the regulation lead me to a different conclusion. Section 6(d)(1) provides that “Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. ... No tenant shall be removed or evicted from housing accommodations by court process or otherwise, unless at least ten days ... [an exception not applicable here] prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the area rent office, stating the ground under this section upon which such removal or eviction is sought. ...”
By these provisions the landlord is required to state the “ground under this section” for his proposed removal of the tenant. A variety of facts are specified in “this section” as grounds for removal. The first four of them are described in words referring to past or completed action. Section 6(a) (1) specifies as a ground that the tenant “has refused” to execute a renewal of the lease; section 6(a)(2) provides for the case where the tenant “has unreasonably refused” the landlord access to the property, etc.; section 6(a)(3) authorizes removal where the tenant “has violated” a substantial obligation of the tenancy and “has continued” such violation after notice, but also has provisions couched in the present tense for the case where the tenant “is committing” a nuisance; and section 6(a) (4) states as a ground of removal that the tenant’s lease “has expired,” etc. No landlord could state any of these “grounds” as they are described in the regulation by declaring that the tenant was about to do or was expected to do any of the acts specified; but if the acts had not yet been done and for that reason the grounds did not exist he could truthfully do no more. Prophecy is *Supp. 995 uncertain at best, and it does not seem probable that the author of this regulation intended to sanction its use in the process of removing a tenant. Even in case of a nuisance, the landlord, in order to state the ground as described in the regulation, must declare that the tenant is committing it, not that he will do so. It is clear that in all these cases the “ground” which can be stated in the notice is a completed and then existing state of facts, not merely one which the landlord hopes, expects or fears may come to pass in the near or distant future.
The remaining ground of removal sanctioned by section 6(a), as amended September 15, 1945, and the one here in question, is that the landlord “has an immediate compelling necessity to recover possession of such accommodations for use and occupancy as a dwelling for himself.” This also is worded in the present tense, and the landlord cannot state what is here described in his notice without using the present tense and saying that he “has” a necessity, etc. Thus this ground is placed in the same class as the other grounds already discussed. All must exist as grounds at the time the notice is given; for, if not, the landlord must either state what is not true in his notice or depart from the provisions of the regulation in stating his grounds.
Two provisions of section 6(d) (1) above quoted corroborate, rather than defeat, this construction. The first requires the notice to state the ground “upon which the landlord relies for removal.” The second prohibits removal of a tenant “by court process or otherwise” unless the notice served states “the ground under this section upon which such removal or eviction is sought. ’ ’ The use of the present tense in these provisions, if taken literally, prevents the landlord from stating in his notice that he will rely or will seek removal of the tenant upon any of the specified grounds, and in that sense it need not be characterized as inaccurate. Indeed, it is quite accurate if the notice is regarded as a part of the procedure for removing the tenant, whether that be done by court process or otherwise. Since this construction gives full effect to all the words of the regulation, it should be adopted. It is in accord, also, with the definition of the verb “seek,” the meaning of which most appropriate to this case is, as given in Webster’s New International Dictionary, “to try to acquire or gain.” Accepting this construction, the landlord *Supp. 996 is seeking the removal of his tenant (it “is sought”) when he gives the notice which is necessary to such removal. In other words, his pursuit of the possession begins with his notice.
What further steps the landlord must take in order to complete the removal depends upon local law and the compliance of the tenant. If the tenant heeds the notice and departs, the process of removal is complete. If he stays, there seem to be some states in which the landlord may enter and remove him if that can be done peacefully (see 36 C. J. 600-601; notes, 45 A.L.R 314, 49 A.L.R. 517, 60 A.L.R. 280); but in California the landlord must take legal proceedings, of which unlawful detainer is the speediest, to effect the removal. (Stockes v. Nash (1945), L.A.Civ.A. 6056; California Products Inc. v. Mitchell (1921), 52 Cal.App. 312 [198 P. 646].) The regulation, being nation wide in its application, must be, and on the construction I have given it is, adaptable to either state of the law.