(No. 1645, July 16, 1914)

WILLIAM MURRAH AND R. MURRAH, Appellants, vs. W. B. ACREY AND B. L. ACREY, Appellees.

### SYLLABUS BY THE COURT.

1. Where one is in quiet and paceable possession of land belonging to the United States Government, and he is ousted by an intruder, he may maintain an action of forcible entry and detainer, under the provisions of Section 3345, C. L. 1897, even though his possession and occupancy of the land may have been in violation of law and without right, as the inquiry in such cases is confined to the question of the actual peaceable possession of the plaintiff, irrespective of whether rightful or wrongful, and the ouster of plaintiff by defendant.

P. 232

Appeal from District Court, Eddy County; Colin Neblett, Presiding Judge. Affirmed.

Murrah v. Acrey, 19 N. M. 228

BUJAC & BRICE, Carlsbad, N. M., Attorneys for Appellants.

Third and fourth assignments of error considered together. 96 U. S. 513; 104 U. S. 287; 31 N. W. 637; 83 Pac. 730; 81 Pac. 71; 17 Pac. 705; 20 Pac. 680; 63 Cal. 514.

Pre-emption, Trespass, Improvements. 1 L. D. 423; Sec. 2289, U. S. Comp. Stat. 1901, p. 1388; 13 L. D. 702; 29 L. D. 363; 12 L. D. 382; Sec. 3753 L. of N. M., 1897; 17 Pac. 705; Act May 14, 1880, 21st Stat., L. 140; 4 L. D. 9; Act June 16, 1880, 21st Stat., L. 287; 5 L. D. 643; 6 L. D. 362; 28 Cal. 402; 23 Cal. 442; 20 Sup. Court Rep. 429; Sec. 7, C. L. 1897; 73 Pac. 562; 18 S. W. 41, 43; 23 Mo. App. 604, 606; 31 Pac. 434; 36 Barb. 242, 244; 59 Am. Dec. 536; 3 Cyc. 515; Words and Phrases, Vol. 4; Act Feb. 25, 1885, c. 149; Vol. 2, C. S. U. S., 1901.

GRANTHAM & STENNIS, Carlsbad, N. M., Attorneys for Appellee.

One who has taken possession of part of the public domain, marking same for identification, and acknowledges and files such notice, can hold same against every one except the United States. Sec. 3753, C. L. 1897.

Any person in lawful and peaceable possession of land who shall have occupied or used same or any part thereof, in any one year, shall not be deemed to have abandoned same when absent therefrom unless he fails to re-enter same on 15th day of April next following last year in which he used same. Sec. 3356, C. L. 1897.

Right to public lands cannot be initiated by forcible entry and detainer. 59 Pac. 1111; 111 Fed. 277; 96 U. S. 513; 87th Fed.; 100 U. S. 251.

Though appellant owned premises in fee simple, he could not dispossess appellee by forcible entry and detainer. 8 L. R. A. 426; 32 L. R. A. 51; 119 U. S. 608.

Alien can hold public lands as against trespassers. 12th Nev. 345; 32nd 3 Y. C. 823; 32nd C. Y. C. 323.

Right to public lands cannot be acquired by trespass. 106 Pac. 673; 96 Pac. 1060; 33 Pac. 865.

Appellant cannot defend his possession by showing that appellee was not a qualified homesteader. 117 Pac. 296; Sec. 3753, C. L. 1897.

Fifth assignment of error. Fed. Cas. No. 5454.

State Courts have jurisdiction as to possession of public lands. 41 Pac. 397; 69 Pac. 682; 41 Pac. 353 ( 357, 82; 32 Ia. 540; 110 U. S. 473.

A state or territory can enact a law regulating use of public domain by citizens. 80 Am. Dec. 410; 2 Mont. 124; 6 Fla. 422; 70 U. S. 97; 85 U. S. 313; 32 Cyc., p. 788, Sec. 8; 18 Fed. 753; 32 Ia. 584; 106 Pac. 388.

State can pass laws. 51 Ill. 277; 77 Ill. 640; 74 N. C. 714; 76 N. C. 297; 113 U. S. 27; 97 U. S. 501.

Law. 106 Pac. 342; Fed. Cas. No. 17634; 65 Am. Dec. 374; 31 U. S. 691; 34 U. S. 711, 410.

Possessory rights of settlers. 85 U. S. 313.

Appellant's entry and trespass upon prior possession of appellee initiates no homestead right. 96 U. S. 513; 104 U. S. 423; 97 U. S. 575; 100 U. S. 251; 87 Fed. 377; 98 Cal. 291; 21 Fed. 200; 95 Pac. 164; 96 Pac. 1060; 160 Fed. 531; 224 U. S. 182; 228 U. S. 211.

Possession. 59 Pac. 252; 53 Pac. 192; 25 Barb. 54, 58; 15 S. W. 170; 1 Cal. 254-265; 92 N. C. 623-632; 30 S. E. 21-23; Words and Phrases, Vol. 6, pp. 5463, 5464; Cyc. Vol. 31, p. 923.

Person can have or may be in possession without personal or actual residence thereon. 34 Cal. 90; Mr. Dec. 169; 15 Pac. 431; 16 Cal. 573.

Occupancy. Id. 29 Cyc. 1341; 75 Pac. 729; 34 Ky. 479, 484; 2 Q. B. 705, 711; 20 Pac. 619, 620; Fed. Cas. No. 5454, 8015; 24 Am. Dec. 766; 6 Cal. 548; 10 Cal. 90; 16 Cal. 567; 49 Cal. 523; 1 Rob. 142; 1 Id. 459; 29 Cyc. pp. 1346-47-48; 75 Pac. 729.

## STATEMENT OF FACTS.

On or about the 30th day of November, 1903, the appellee, W. B. Acrey, took possession of the lands involved

in this suit, which at that time were, and still are, unsurveyed government lands, and filed with the probate clerk of said county and caused to be recorded in the proper records a possessory notice provided for by Sec. 3753, C. L. 1897. He drilled a well on the lands and enclosed about 100 acres with a wire fence, and made some other improvements. He never resided upon the land, with his family, but did have peaceable possession thereof at the time he was ousted by appellants, as shown by the evidence and findings of the court. Appellants upon the assumption that appellee had no right to the possession of the land, because (a) he had not maintained his residence thereon, and (b) he had forfeited his right to file on the same, as a homestead, by reason of having made a filing on other surveyed government land as such, after filing his possessory notice as aforesaid, entered upon said land, in the absence of appellee, and while said land was in possession of appellee's employees, and his sheep and goats were pasturing thereon, and by force retained possession, thereof. Upon appellant's refusal to surrender possession, and the exhibition of force to retain possession, appellees instituted action of forcible entry and detainer, under the provisions of Sec. 3345, C. L. 1897. The trial court found the facts, in harmony with the above statement, and rendered judgment thereon in favor of the appellees. From such judgment this appeal is prosecuted.

## OPINION.

ROBERTS, C. J.—Appellants' counsel have discussed many questions which are wholly immaterial, because not involved in an action of forcible entry and detainer. For example, it is their contention that appellee, Acrey, forfeited all his rights under his possessory notice filed under Sec. 3753, C. L. 1897, when he filed a homestead application for other lands, thereafter. This may be true and still it would not militate against his right of recovery in this case. It may be, as argued, that his maintenance of a fence on government land was contrary to law, or that it was necessary for him to maintain his actual resi-

dence upon the land, in order to preserve his legal right to the possession of the same, however, if he was in the peaceable possession of the land at the time he was ousted by the appellants he was entitled to restitution of the premises, even if the above facts were true. The purpose of the statute is, regardless of the actual condition of the title to the property, to prevent parties from taking the law into their own hands, and ousting one in the quiet and peaceable possession of lands and tenements, whether his possession is rightful or wrongful. The policy of the law in this class of cases is to prevent breaches of the peace, to forbid any person righting himself by his own hand and by violence, etc., and to require that the party, who has obtained possession in contravention of the law, to restore it to the party from whom it has been so obtained. When parties are in STATU QUO, or in the same position as they were before the use of such prohibited means, the party out of possession must resort to legal means to obtain his possession, as he should have done in the first instance.

"This is the philosophy which lies at the foundation of all these actions of forcible entry and detainer, which are declared not to have relation to the condition of the title, or to the absolute right of possession, but to compelling the party out of possession, who desires to recover it of a person in the peaceable possession, to respect and resort to the law alone to obtain what he claims." Iron Mountain, etc., Co. vs. Johnson, 119 U. S. 608. And this rule, we believe, is in harmony with practically all the English and American decisions. The inquiry, as stated by the author of an extended note to the case of Wilson vs. Campbell, 8 L. R. A. (N. S.) 426, in a forcible entry and detainer proceeding, "is confined to the question of the actual, peaceable possession of the plaintiff irrespective of whether rightful or wrongful, and the forcible ouster of plaintiff by the defendant." A great many authorities are cited in support of the text, and we believe there are none to the contrary, under statutes similar to our own. See also note to the same case, reported in 12 Am. & Eng.

Ann. Cases 767. And the question was settled by the Territorial Supreme Court in two cases, Romero vs. Gonzales, 3 N. M. (Gild) 5, 1 Pac. 171; Patton vs. Balch, 15 N. M. 276, 106 Pac. 388. In the former case the Court said:

"The legal title to land, or even the right to the possession of land, can not be determined in this form of action. The main point on which every forcible entry and detainer suit must be maintained, if at all, is the fact that the defendant by the mode of his entry or detention has committed a wrong in the nature of a public offense, and the object of the statute is to punish the wrongdoer by a restitution of the premises to the plaintiff without inquiry as to which has the legal right of possession." This being true, and appellee, Acrey, being in the quiet and peaceable possession of the land, at the time he was ousted by appellants, would be entitled to recover the possession of the land, even though such land was unsurveyed government land, which appellee had no right to retain or possess. A somewhat similar case came before the Supreme Court of Virginia, in the case of Olinger vs. Shepard, 12 Gratt, 462. The Court said:

"That the defendant, in an action of forcible entry, cannot defend himself by showing that the land in controversy is a part of the public domain, has been decided in Alabama, Cunningham vs. Greene, 3 Ala. R. 127, and in Tennessee, Pettyjohn vs. Akers, 6 Yerg R. 448, and I am not aware that the contrary has been decided anywhere. I can see no reason for a different rule in regard to public and private lands. There is the same reason for the protection of the actual possession against unlawful invasion in both cases. The plaintiff in the action is not suing for damages, but to have the possession restored to him; and when he shows that he has been turned out of possession forcibly, or by one having no right to do so, he has made out his right to restitution, which can not be defeated by any evidence in regard to the title or right of possession."

The judgment has only the effect of placing the parties in their original positions, prior to the unlawful entry.

It settles nothing, even between them, in regard to the title or the right of possession.

Finding no error in the judgment of the trial court, it will be affirmed, and, it is so ordered.