117 P.2d 247

**HERON v. RAMSEY.**

No. 4615.

Supreme Court of New Mexico.

Sept. 18, 1941.

Kenneth A. Heron, of Chama, appearing for himself.

R. P. Fullerton and C. C. McCulloh, both of Santa Fe, for appellee.

ZINN, Justice.

This is an appeal from a judgment in favor of the defendant. The action was forcible entry and detainer. The parties will be treated in this opinion as they were below.

The case was tried de novo in the District Court on appeal from a Justice of the Peace Court.

The defendant demurred to the plaintiff's evidence. The basis of the demurrer was that the evidence failed to show that the plaintiff was in possession of the premises prior to the time that the defendant physically entered upon and occupied the premises, citing Murrah v. Acrey, 19 N.M. 228, 142 P. 143 as authority. The demurrer was sustained, judgment entered accordingly, and this appeal followed.

The trial court made findings of fact and conclusions of law. The plaintiff tendered requested findings of fact and conclusions of law. Some were adopted by the court as its own and some rejected.

Assignments of error on appeal are numerous, totaling twenty-one.

Assignment of error number one is predicated upon the court's refusal to dismiss the defendant's appeal from the judgment of the Justice of the Peace in favor of the plaintiff because of a claim by plaintiff that the bond was invalid. The defendant later posted a cash appeal bond. The plaintiff made no objection to the substitution of the cash bond for the former bond. Therefore, error, if any, was waived.

Assignments of error numbered thirteen to nineteen inclusive are founded on the plaintiff's claim that the trial court erred in its opinion which was dictated into the record by the court preceding the entry of judgment, and immediately after argument on the defendant's demurrer to the evidence. The opinion of the trial court as such is not reviewable by this

court. We review the judgment of the trial court on appeal to find errors of law which, when properly presented, might be prejudicial to an appellant.

Plaintiff's assignments of error numbered three, seven and ten are predicated on the court's refusal to find from the evidence that the plaintiff was in peaceable possession of the premises in question and his refusal to conclude that the defendant is guilty of forcible entry and detainer and that therefore the plaintiff should be put in possession. In other words, was the plaintiff, under the facts in the case, entitled to judgment, pursuant to 1929 Comp.St., § 54-101?

That part of § 54-101 material hereto provides that an action for forcible entry and unlawful detainer of real property may be prosecuted before any justice of the peace in the precinct where the property is situated, when the defendant by force, intimidation, fraud or by stealth, enters or shall have entered in the lands and tenements of another and detains the same. Under the statute it is not necessary to show that there was force, intimidation or fraud apparently or physically. It is sufficient to prove that defendant entered upon and occupies the premises against the will or consent of the owner or owners thereof and that after having been notified by the owner, his agent or attorney to vacate the same, he refused to do so. An interpretation of this statute has been clearly, succinctly and definitely stated in this jurisdiction in the case of Murrah v. Acrey, 19 N.M. 228, 142 P. 143, 144. Speaking through Mr. Chief Justice Roberts, we said: "The purpose of the statute is, regardless of the actual condition of the title to the property, to prevent parties from taking the law into their own hands and ousting one in the quiet and peaceable possession of lands and tenements, whether his possession is rightful or wrongful. The policy of the law in this class of cases is to prevent breaches of the peace, to forbid any person righting himself by his own hand and by violence, etc., and to require that the party who has obtained possession in contravention of the law to restore it to the party from whom it has been so obtained. When parties are in statu quo, or in the same position as they were before the use of such prohibited means, the party out of possession must resort to legal means to obtain his possession, as he should have done in the first instance."

The action of forcible entry and detainer has no relation to the condition of the title, or to the absolute right of possession. The inquiry in a forcible entry and detainer proceeding is confined to the question of the actual peaceable possession of the plaintiff, irrespective of whether such possession was rightful or wrongful, and the ouster of plaintiff from such peaceable possession by the defendant. See Murrah v. Acrey, supra. Also Romero v. Gonzales, 3 N.M. 5, 3 Gildersleeve 5, 1 P. 171; Patton v. Balch, 15 N.M. 276, 106 P. 388.

In the case of Romero v. Gonzales, supra, the Territorial Supreme Court said

[3 N.M. 5, 3 Gildersleeve 5, 1 P. 172]: "The legal title to land, or even the right to the possession of land, cannot be determined in this form of action. The main point on which every forcible entry and detainer suit must be maintained, if at all, is the fact that the defendant, by the mode of his entry or detention, has committed a wrong in the nature of a public offense, and the object of the statute is to punish the wrong-doer by a restitution of the premises to the plaintiff without inquiry as to which has the legal right of possession."

A judgment in forcible entry and detainer has only the effect of placing the parties in their original positions prior to the unlawful entry. It settles nothing, even between them, in regard to the title or the right of possession. That is the law.

Applying the law to the facts is another matter. Every case must of necessity rest on its own facts in determining what constitutes possession. A hard and steadfast rule as to the nature of possession that must be shown by a plaintiff in an action of forcible entry and detainer would be difficult to formulate and would be unwise in practice. Out of the facts in each case must arise the law. A good analogy might be drawn from the kind of possession of property required to be shown in order to establish title by adverse possession. As this court said in Baker v. Trujillo De Armijo, 17 N.M. 383, 128 P. 73, 75 and quoted with approval in G O S Cattle Co. v. Bragaw's Heirs, 38 N.M. 105, 28 P.2d 529, 533: "The uses to which the property can be applied, or to which the owner, or claimant, may choose to apply it, the nature of the property, and its situation are largely controlling factors in determining what acts of ownership might be considered requisite to the assertion of an adverse claim."

As said in 22 Am.Jur. 920, Sec. 18: "No rule of universal application can be established; but each case must be governed by its own circumstances. A mere pedis possessio or momentary personal presence on land in the lawful possession of another, although gained without actual force, is not sufficient." See Annotation 8 L.R.A. 537; 121 Am.St.Rep. 385.

Now to apply the law to the facts in this case. We find from the plaintiff's own evidence that the tract of land in dispute was unfenced. Its boundary lines were not visible on the ground. It was suitable only for grazing purposes. The plaintiff claimed that he derived his title from a man named Johnson. The record fails to show whether or not Johnson had in any manner ever had possession of the land. The plaintiff went on the land for the first time on March 31, 1940. He spent about an hour there and looked the land over and didn't see anybody on it or any livestock on it. He walked over and looked along the west boundary line and located, for his personal information or satisfaction, what the west boundary line was from certain monuments he found there. On April 13, the plaintiff went back with two men and posted a number of signs in the nature of "No Trespass" signs. On the next day, April 14th, plaintiff went back on the land

with some men he had employed and started them to work cutting some fence posts for the purpose of fencing at least part of the boundary of the tract. About this stage of the proceedings the defendant went on the land and set up a camp and put livestock on the place and was physically present on the premises and was running stock on the land.

It seems to us that the possession of the plaintiff was purely prospective rather than present. We cannot say that the plaintiff was in actual possession of the land merely because he walked upon the land and looked at it. That is not exercising sufficient dominion over the land to construe it as possession. The plaintiff's claim of possession is not aided by the fact that he sent someone on the place to cut some trees down. This is not taking possession of the land itself. In order to take possession of land there must be some immediate use made of it. The use and dominion over the land should be such as the land will warrant. Merely walking on the land and posting a sign for others to keep off, or merely cutting some posts on the land do not, as we view the facts, constitute possession.

The foundation of the plaintiff's right to maintain this action is to prevent a breach of peace. The person who seeks to avail himself of this remedy must have actual possession of the premises, it must be something more than a mere mental state. It must be of such a character that the law will frown down upon anyone interfering with the posses-

sion for the reason that such interference would tend to create a breach of the peace.

It appears to us, as it probably did to the trial court, that the plaintiff was attempting to establish in this suit the validity of his claim of title against the claim of title and ownership of the defendant. Forcible entry and detainer is not the remedy for such purposes.

All of the plaintiff's other assignments of error are either immaterial or raised here for the first time and need not be treated in this opinion in light of the result.

For the reasons given, the judgment of the District Court will be affirmed, and it is so ordered.

BRICE, C. J., and SADLER, MABRY, and BICKLEY, JJ., concur.