Patten v. Balch.

The judgment of the District Court is therefore affirmed.

Justice Cooley did not participate in this decision.

[No. 1280, January 6, 1910.]

A. H. PATTEN, Appellee, v. W. W. BALCH, Appellant.

### SYLLABUS.

1. The main point on which every forcible entry and detainer suit must be maintained, is the fact that the defendant by his mode of entry or detention has committed a wrong in the nature of a public offense.

2. The description should be definite and certain enough so that the premises may be readily identified—reasonable and not absolute certainty being all that is required.

3. There is no law to support the contention of appellant that because appellee never ate or slept upon land he had purchased of grantee of original squatters, and because others occupied it, he forfeited his right to it.

Appeal from the District Court for Roosevelt County before W. H. POPE, Associate Justice. Affirmed.

T. C. TAYLOR for Appellant.

it should have been originally brought in the District Court by ejectment proceedings. Jones v. Seawell, 76 Pac. 154, 155; Laws of 1907, Ejectment, 285.

Where the description does not identify the land, nor state directly where it is, nor indicate any extrinsic fact, from which its locality can be ascertained and fixed, specific performance cannot be decreed, nor can parol evidence be received to fix the locality. Warvelle on Vendors, vol. I, 2 ed. p. 128, secs. 96, 97; 19 Cyc. Law and Procedure, 1173; 55 Schuster v. Gray, Pacific 489; Barnes v.

Patten v. Balch.

Cox, 41 Pacific 557; Schlattler v. Cassinelli, 19 S. W. 746.

HARRY L. PATTON for Appellee.

Regular order of pleading was not observed by appellant. Laws 1907, c. 107, sec. 303.

While title cannot be determined in actions of forcible entry and detainer and deeds tending to establish title are inadmissible in evidence, yet muniments of title are admissible in such cases to show the character, extent, right or basis of possession. Potts v. Magnes, Colo., 30 Pac. 58; Jenkins v. Tynon, Colo., 27 Pac. 893; Brown v. Hartshorn, Okla., 69 Pac. 1049; McClain, et al, v. Jones et al, Kans. 57 Pac. 500; Murphy v. Snyder, Cal., 8 Pac. 2; 19 Cyc. 1165; 13 A. & E. Enc. Law 754.

While title is in the government, the right of possession only, remains to be determined by the courts. McQuiston v. Walton, Okla., 69 Pac. 1048.

Any description by which the premises may be readily identified and located is sufficient. Reasonable and not absolute certainty is required. 19 Cyc. 1154; 9 Enc. P. & P. 61; Ayers v. Reidel, 84 Wis. 276; Hernandez v. Simon, 4 Cal. 182.

To constitute occupancy within the meaning of the Federal Statute, it is not necessary to reside upon the lots claimed. Leech v. Rauch, 3 Minn. 448; Grenier v. Fulton, Kan., 26 Pac. 705; Hagar v. Wikoff, Okla., 39 Pac. 281; Downman v. Saunders, Okla., 41 Pac. 104.

The assigns of occupants stand in the position of their grantors. Aspen v. Rucker, Colo., 15 Pac. 791; Aspen v. Aspen Town Co., Colo., 15 Pac. 794; Leecher v. Chapin, 12 Nev. 72; C. L. 1897, sec. 3345.

### OPINION OF THE COURT.

MECHEM, J.—This is an action of forcible entry and unlawful detainer, originally brought before a justice of the peace. In his complaint the plaintiff, appellee here, alleged that on the 21st day of March, 1908, he was lawfully possessed and entitled to the possession of the certain described tract of land and "being so lawfully possessed

and entitled to the possession as aforesaid," the defendant then and there "unlawfully and with force entered into and upon the said tract or parcel of land, and detained and held the possession thereof, and as such detains and holds the possession thereof against the plaintiff." Judgment being against the defendant both before the justice of the peace and in the District Court he brings this appeal.

1. The appellant by his first and second assignments of error complains first of the action of the court below in overruling his plea to the jurisdiction and second that the court did not decide upon said plea until after the trial upon the merits. It is certain that if the plea was not good, the time of overruling it was immaterial.

The gist of the plea was that the court could not "determine the rights of the parties herein without determining the same upon the strength of the title of the respective parties" and "because the suit should have been brought originally in the District Court by ejectment, for the reason that said case must be determined as to which party was entitled to possession by their respective deeds."

This court in the case of Romero v. Gonzales, 3 N. M., 51 Pac. 171, laid down the following doctrine, which effectually disposes of this assignment:

"The legal title to land, or even the right to the possession of land, cannot be determined in this form of action. The main point on which every forcible entry and detainer suit must be maintained, if at all, is the fact that the defendant by his mode of entry or detention has committed a wrong in the nature of a public offense, and the object of the statute is to punish the wrongdoer by a restitution of the premises to the plainiff without inquiry as to which has the legal right to possession."

2. By his third assignment of error the appellant raises the question of the sufficiency of the description of the premises, to which he demurred.

The description is as follows:

"One hundred and twenty feet off the south side of the east half of the unsurveyed block located in the southeast corner of the original town of Texico, except that part

of said block owned and occupied by the Eastern Railway of New Mexico."

The rule is that the description should be definite and certain enough so that the premises may be readily identified—reasonable and not absolute certainty being all that is required; 19 Cyc. 1154; 9 Ency. Pl. & Pr. 61; and the above description complies with the rule.

3. The appellant's fourth and last assignment of error is as follows: "The court erred in finding the issue of fact in favor of the plaintiff for the reason that the stipulation of evidence, upon which this case was tried, fails to disclose that plaintiff was ever in possession of the lots in controversy, or that he did any act indicating *pedes possessio,* or showing any dominion or control over the land in controversy."

The facts as shown by the stipulation are as follows:

The tract of real estate in controversy is unsurveyed public domain, not subject to entry, to which neither party has any right or title from the United States.

The appellee on May 11th, 1907, purchased of the grantee of the original squatters on the tract the improvements thereon. He was a non-resident and after making the purchase placed the property in the hands of an agent for rent, and left the Territory for his home. The agent rented the houses and for a short time thereafter remitted the rentals to appellee. The agent also left and others went into possession, including the appellant, in March, 1908, under quit claim deeds from persons who had had possession less than 30 days before. The appellee never intended to abandon the land and as soon as he heard of appellant's adverse claim came to the Territory and instituted this suit. In his argument the appellant claims that because appellee never ate or slept upon the land and because others occupied it he forfeited his rights to it. Appellee cites no law to support his contention, and we believe there is none.

Finding no error the judgment of the court below is affirmed, and it is so ordered.

Cooley, Justice, did not participate in this decision.