[No. 2453. Sept. 3, 1920.]

## GRAY v. TITSWORTH et al.

### SYLLABUS BY THE COURT.

1. Where a complaint in a suit for forcible entry and detainer fails to allege possession by the plaintiff at the time of the entry by defendant, but the fact of possession is proven, without objection, the complaint will be deemed amended so as to allege the fact of possession—following Canavan v. Canavan, 17 N. M. 503, 131 Pac. 493, Ann. Cas. 1915B, 1064.                                         P. 40

2. Evidence **held** to support the findings.          P. 40

3. In a case of forcible entry and detainer the inquiry is confined to the question of actual, peaceable possession of the plaintiff, irrespective of whether rightful or wrongful, and the forcible ouster of the plaintiff by the defendant.     P. 41

Appeal from District Court, Lincoln County; Ed Mechem, Judge.

Suit by Sarah C. Gray against George A. Titsworth and others. Judgment for plaintiff in justice court, and in the district court on an appeal and a trial de novo, and defendants appeal. Affirmed.

Geo. W. Prichard, of Santa Fe, for appellants.

J. F. Bonham and C. A. Perkins, both of Carrizozo, for appellee.

### OPINION OF THE COURT.

ROBERTS, J. Appellee filed suit against the appellants before a justice of the peace of Lincoln county for forcible entry and detainer. The complaint in reality stated a cause of action in ejectment only, but the parties in the court below treated

it as an action in forcible entry and detainer, and it was tried upon that theory. Appellee had judgment before the justice of the peace, and an appeal was taken to the district court. There, upon a trial de novo, appellee again had judgment for possession, and appellants have brought the case to this court for review.

[1] It is argued that the complaint fails to state a cause of action in forcible entry and detainer, in that it does not allege that appellee was in possession of the real estate in question at the time appellants entered and took possession of the same. This objection would be meritorious, but it was waived in the court below. No objection was there interposed to the complaint, and the appellee was allowed to introduce proof of her possession, without objection. In fact, one of the appellants testified that at the time they entered upon the premises Mr. Gray, husband of appellee, had some wagons and other property upon it. The missing allegation having been supplied by proof, without objection, the complaint will be deemed amended, so as to allege the fact of possession. In the case of Canavan v. Canavan, 17 N. M. 503, 131 Pac. 493, Ann. Cas. 1915B, 1064, this court held that where a material, even jurisdictional, fact, omitted from the complaint, is as fully litigated, without objection, as if such fact had been put in issue by the pleadings, it is the duty of the trial court, and this court on appeal, to amend the complaint in aid of judgment, so as to allege the omitted fact.

[2] The only remaining question in this action is as to whether the findings and judgment of the court are sustained by the evidence. Appellants argue that there was no proof of either (a) possession by the appellee, or (b) forcible entry and detainer by appellants. We have read the transcript carefully, and find evidence supporting the judgment. In fact, George Titsworth, one of the appellants, testified that Mr. Gray, appellee's husband,

had some wagons on the lot and allowed campers to come in and use it as a wagon yard. This would show possession in appellee. Appellee testified that appellants piled lumber and other material on the lot while she and her husband were temporarily absent, and, when requested to remove their goods, refused to do so. This was sufficient to make out a case of forcible entry and detainer.

[3] Appellants argue the question of title, and undertake to show that appellee had no legal title to the lot in question. In a case of forcible entry and detainer, the inquiry is confined to the question of actual, peaceable possession of the plaintiff, irrespective of whether rightful or wrongful, and the forcible ouster of the plaintiff by the defendant. Murrah v. Acrey, 19 N. M. 228, 142 Pac. 143.

Finding no error in the record, the judgment is affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.