146 P.2d 851

**HERON v. KELLY.**

No. 4759.

Supreme Court of New Mexico.

Jan. 31, 1944.

Rehearing Denied March 30, 1944.

Kenneth A. Heron, of Chama, for appellant.

Arthur Livingston, and Reed Holloman, both of Santa Fe, for appellee.

SADLER, Chief Justice.

The defendant below, who is the appellee here, has moved for rehearing and upon consideration of the motion, we withdraw our former opinion heretofore filed, substituting this one therefor.

The plaintiff has appealed from a judgment of the district court dismissing his complaint in forcible entry and detainer, following an appeal by defendant to such court from an adverse judgment rendered by a justice of the peace. The complaint is in the following form, to-wit:

"Kenneth A. Heron, plaintiff in the above entitled cause, complains and says, that heretofore, to wit: On or about the first day of March, 1938, at the County of Rio Arriba, New Mexico, he was lawfully entitled to the possession of a certain tract of land, situated in said County, known, designated and described as follows:

"That certain tract of land located in the South half of the Northwest Quarter of Section Thirty One, Township Two South, Range Three East, in the Arlington Land Company's Subdivision of a Portion of the Tierra Amarilla Grant, Rio Arriba County, New Mexico, and bounded as follows:

"On the North by the Jack Cowan place;
"On the East by the State Highway;
"On the South by the Chiles place; and
"On the West by the tract of land known as the old Gentry Place; The said tract of land contains 8 acres, more or less, and being so thereof lawfully entitled to possession as aforesaid, the said defendant Patsy Kelly, on the day and year, and at the County aforesaid, unlawfully and with force, the plaintiff is informed and believes, did enter the said premises in the following manner: (a) took down the gate in the fence around the said premises and entered thereon; (b) forced open the door of a building on the said premises and therein entered; and (c) moved her goods and chattels into the said building; (d) and proceeded to reside therein and thereon; all without the permission and against the will of the plaintiff and without his consent; and in these ways the defendant entered into and upon the said tract of land, and detained and held possession thereof, and *such* detains and holds the possession thereof against the plaintiff; all to the damage to the plaintiff in the sum of $150.00 to date and the further damage of fifty cents a day for each and every day the premises *is* so unlawfully detained by the defendant.

"Wherefore the plaintiff says that the said defendant is guilty of forcible entry and detainer, contrary to the form of the statute in such cases made and provided.

"Plaintiff further states that the land described above is in the Rutheron Precinct No. 43, Rio Arriba County, N. M., but this complaint is filed in the Tierra Amarilla Precinct No. 17, in the same County for the reason that there is no qualified and acting Justice of the Peace in the said Rutheron Precinct, and further that the Tierra Amarilla Precinct adjoins the Rutheron Precinct."

The defendant filed an answer to the complaint consisting of a general denial and in due course the case came on for trial. Thereupon, the defendant moved orally (in effect an oral demurrer) for dismissal of the complaint as failing to state a cause of action through absence of an allegation that the plaintiff was in lawful possession of the premises described at the time of the defendant's wrongful entry. Argument was had, following which, the trial court sustained the motion and dismissed the complaint. The order of dismissal reads as follows:

"This matter coming on for final hearing on the Complaint herein, and the plaintiff being present in person and representing himself, and the defendant not being present but being represented by Arthur Livingston, attorney at law, and

"The plaintiff announcing himself ready to proceed, and

"The defendant then moving that the Complaint and cause of action be dismissed for the reason that the Complaint does not state a cause of action, and

"The Court having heard arguments of both counsel on the matter, and being duly advised and satisfied in the premises,

FINDS:

"1. That the Complaint does not state a cause of action.

"And the plaintiff announcing that he would stand on the Complaint,

"It is, therefore, ordered, adjudged and decreed that the cause of action herein be and the same is hereby dismissed.

"It is further ordered that the plaintiff pay the costs in this matter, and that the defendant be and she hereby is granted judgment against plaintiff for said costs."

The pertinent statute under which the plaintiff brings his action is 1941 Comp. § 38-901 which, insofar as material, reads:

"An action for forcible entry or unlawful detainer of real property may be prosecuted before any justice of the peace in the precinct where the property is situated, in the following cases:

"First. When the defendant by force, intimidation, fraud or by stealth, enters or shall have entered in the lands and tenements of another and detains the same for the purpose of proving any of the reasons or causes enumerated in this section, it shall not be necessary to show that there was force, intimidation or fraud apparently or physically; and it shall be sufficient to prove that defendant entered upon and occupied the premises against the will or consent of the owner or owners thereof,

and that after having been notified by the owner, his agent or attorney to vacate the same, he refused to do so.

"Second. When a lessee or tenant holds over after the termination or contrary to the terms of his lease or tenancy.

"Third. When the tenant fails to pay the rent at the time stipulated for payment.

"Fourth. When the defendant continues in possession after a sale by foreclosure of mortgage, or on execution, unless he claims by a title paramount to the mortgage by virtue of which the sale was made, or by title derived from the purchaser at the sale.

"Fifth. When a tenant from month to month or tenant at will continues in possession of the premises after thirty (30) days' written notice by the owner, his agent or attorney to vacate the same."

The same legislative session by L. 1876, c. 27, § 124 (1941 Comp. § 38-1101), provided a statutory form for use in forcible entry and detainer actions, reading:

"The following forms are prescribed for the use of justices of the peace in the actions mentioned, and shall be used by them in all such cases:

"In Forcible Entries and Detainers
"Complaint

"A. B. ⎫
vs.    ⎬  Before E. F., justice of the peace in and for ——— precinct, number ——— in ——— county.
C. D. ⎭

"A. B., plaintiff in the above entitled cause, complains and says, that heretofore,

to wit: On the ——— day of ———, A. D., 19—, at the county of ———, he was lawfully possessed (or lawfully entitled to the possession) of a certain tract of land, (or a certain tenement, etc.), situated in said county, known, designated and described as follows: (here describe the land or tenement with reasonable certainty), and being so thereof lawfully possessed (or lawfully entitled to possession), as aforesaid; the said defendant, C. D., on the day and year, and at the county aforesaid, unlawfully and with force (according to the facts), entered into and upon the said tract or parcel of land (or tenements), and detained and held the possession thereof, and such, (still) detains and holds the possession thereof against the plaintiff. Wherefore the said plaintiff says that the said defendant is guilty of forcible entry and detainer, contrary to the form of the statute in such case made and provided.

"(Signed)   A. B.

"State of New Mexico, ⎫
"County of ———      ⎬

"A. B., being duly sworn, says that the said complaint by him subscribed, and the matters therein contained are true, and further saith not.

"A. B.

"Sworn to and subscribed before me this ——— day of ———, A. D. 19—.

"E. F.,
"Justice of the Peace."

In ruling on the demurrer interposed by defendant, the following proceedings between court and counsel took place, to-wit:

"The Court: I don't think there is any question about that point, there is no question about the construction of the statute. The remedy is entirely statutory, and the statute must be strictly complied with. As Mr. Livingston has stated, there are, you might say, two sets of circumstances under which you can bring this action. One is in the event the property is unlawfully entered when you are in possession, and the other is when a person whom you have put in possession holds over at the end of his term. Naturally in the second case you cannot allege that you are in possession of the premises, and that is the reason shown in the brackets in the J. P. forms (where) the alternative is printed, and in my opinion, in order to state a proper cause of action, you would have to allege you are entitled to possession, or, if you allege you are entitled to possession, I believe your Complaint would have to be so qualified as to show that you were the one who put the person in possession and that they held over after the term. Therefore, you could not allege possession by merely alleging you were entitled to possession, and as the Complaint now stands I cannot see where it states a cause of action at all, and I think Mr. Livingston's objection to the introduction of any testimony showing that the plaintiff was in the possession would be well taken. I don't like to preclude anybody from the trying of a case because of defective pleadings, but on the other hand the Court is bound by the rules of practice and procedure, and cannot ignore those rules of practice and procedure in order to satisfy his own desire in any given case. Do you have anything further to say, Mr. Heron, before I rule on this Motion?

"Mr. Heron: First of all, that I be permitted to amend the Complaint by interlining—no I believe I will stand on the complaint as it is.

"The Court: Then I will sustain the motion, and dismiss the case."

The plaintiff, who was and is acting as attorney pro se, does not dispute (and if he did every implication of his complaint is to the contrary) that he is proceeding under the first sub-paragraph of § 38-901, which at the time of its original enactment as L.1876, c. 27, § 101, provided the remedy, on occasions, among others, as follows: "1st. When the defendant has by force, intimidation, fraud or stealth, entered upon the lands and tenements of another and detains the same." The language following that just quoted which placed this sub-paragraph in its present form, as set out more fully hereinabove, was added as an amendment by L.1889, c. 92.

The question for decision is simply whether a plaintiff proceeding in forcible entry and detainer under the first sub-paragraph of the statute quoted hereinabove states a cause of action without alleging prior lawful possession of the premises involved. It is to be noted that in the statutory form of complaint the plaintiff must allege that theretofore on a day named "he was lawfully possessed (or lawfully entitled to the possession) of a certain tract of land," etc. The present plaintiff insists

that these are simply alternative allegations giving a choice to be made by the pleader, regardless of whether the proceeding be one in forcible entry and detainer as traditionally understood or one in unlawful detainer only. This idea on plaintiff's part is reflected by the following language taken from his brief, to-wit: "The form prescribed permits the plaintiff to use the words 'he was lawfully possessed' or 'lawfully entitled to the possession'. The plaintiff elected for his own reasons to use the latter wording. The matter of proof to sustain the action was governed by the sections providing for the institution and prosecution of the action."

Seemingly, at the trial the plaintiff was momentarily doubtful of the correctness of this appraisal of the statutory form, since on the eve of the trial court's ruling on the motion to dismiss, he asked leave to amend by interlineation. Then, suddenly, he changed his mind. In response to the trial court's inquiry whether he had anything further to say, before a ruling on the motion, the plaintiff stated: "Mr. Heron: First of all, that I be permitted to amend the Complaint by interlining—no I believe I will stand on the Complaint as it is."

In so concluding we think the plaintiff fundamentally misconceived the true nature of an action in forcible entry and detainer as it has been viewed in this jurisdiction from early territorial days. Romero v. Gonzales, 3 N.M. 5, 1 Gild. 5, 1 P. 171; Patton v. Balch, 15 N.M. 276, 106

P. 388; Murrah v. Acrey, 19 N.M. 228, 142 P. 143; Heron v. Ramsey, 45 N.M. 491, 117 P.2d 247. In Murrah v. Acrey we quoted from the opinion in Iron Mountain & H. R. Co. v. Johnson, 119 U.S. 608, 7 S.Ct. 339, 30 L.Ed. 504, and commented on the rule enunciated, as follows [19 N.M. 228, 142 P. 144]: " 'This is the philosophy which lies at the foundation of all these actions of forcible entry and detainer which are declared not to have relation to the condition of the title, or to the absolute right of possession, but to compelling the party out of possession who desires to recover it of a person in the peaceable possession to respect and resort to the law alone to obtain what he claims.' Iron Mountain, etc., Co. v. Johnson, 119 U.S. 608, 7 S.Ct. 339, 30 L.Ed. 504. And this rule, we believe, is in harmony with practically all the English and American decisions. The inquiry, as stated by the author of an extended note to the case of Wilson v. Campbell [75 Kan. 159, 88 P. 548], 8 L.R. A.,N.S., 426 [121 Am.St.Rep. 366, 12 Ann. Cas. 766], in a forcible entry and detainer proceeding, 'is confined to the question of the actual, peaceable possession of the plaintiff irrespective of whether rightful or wrongful, and the forcible ouster of plaintiff by the defendant.' A great many authorities are cited in support of the text, and we believe there are none to the contrary, under statutes similar to our own. See, also, note to the same case, reported in 12 Ann.Cas. 767. And the question was settled by the Territorial Supreme Court in two cases: Romero v. Gonzales, 3 N.M.

(Gild.) 5, 1 P. 171; Patton v. Balch, 15 N.M. 276, 106 P. 388." (Emphasis ours)

■ In Heron v. Ramsey, 45 N.M. 491, 117 P.2d 247, 250, we very recently reaffirmed the importance and necessity of plaintiff's prior actual, peaceable possession as a prerequisite to his right to maintain forcible entry and detainer. We said: "The foundation of the plaintiff's right to maintain this action is to prevent a breach of peace. The person who seeks to avail himself of this remedy must have actual possession of the premises, it must be something more than a mere mental state. It must be of such a character that the law will frown down upon anyone interfering with the possession for the reason that such interference would tend to create a breach of the peace."

In the opinion in the case just cited the plaintiff failed in a forcible entry and detainer action because he did not prove prior possession. Here judgment goes against him because he failed to allege what the plaintiff in the Heron case, supra, failed to prove—prior lawful possession. The allegation is no less important than the proof. Gray v. Titsworth, 27 N.M. 39, 192 P. 520, 521. In the Gray case we spoke on the necessity of pleading prior possession in forcible entry and detainer, as follows: "It is argued that the complaint fails to state a cause of action in forcible entry and detainer, in that it does not allege that appellee was in possession of the real estate in question at the time appellants entered and took possession of the same. This ob-

jection would be meritorious, but it was waived in the court below. No objection was there interposed to the complaint, and the appellee was allowed to introduce proof of her possession, without objection."

It is no answer to this sound statement of the true rule to call this pronouncement dictum on the assumption that possession was not involved, the complaint alleging neither possession nor right to possession. If the court had been disposed to indulge in dictum it might have assumed, without deciding, that possession was an essential allegation and then have held as it did. It did not choose so to do. Instead, the court held, squarely, that but for the failure to object below to the complaint on this ground and but for the subsequent introduction, without objection, of proof of possession, the "missing allegation" would have proved fatal. The question thus is rendered stare decisis by our decision in Gray v. Titsworth.

■■ We think it has been demonstrated, abundantly, that in New Mexico a plaintiff must both allege and prove prior possession. Our holding on the subject accords with the prevailing rule. 26 C.J. 846; 36 C.J.S., Forcible Entry and Detainer, § 40, p. 1176. Tested by it, the plaintiff's pleading is fatally defective. Finding in the statutory form of complaint (1941 Comp. § 38-1101) the two different allegations, the one that "he was lawfully possessed" and the other, in parenthesis, that he was "lawfully entitled to the possession", the plaintiff was not impressed that

the separate allegations were designed for use in stating distinct causes of action. Rather, as said in his brief in chief, he deliberately "elected for his own reasons to use the latter wording". In so electing, he made a fatal mistake, proceeding as he was in forcible entry and detainer. The one allegation, that of possession, is for use in the action of forcible entry and detainer. The other, that of right to possession, is for use in the action of unlawful detainer.

Although the phrase "forcible entry and detainer" is in common use and one is likely by reason thereof to think of the quoted words as constituting a single wrong, such is not the case. It is rare that both terms will apply to a single proceeding. "Although force ordinarily is an element of both, they are separate and distinct wrongs." 22 Am.Jur. 906.

"The forcible entry and the forcible detainer are separate causes of action, and ought, therefore, to be separated. If not so stated, a complaint would be had on demurrer", etc. Id. 938.

What is said on the distinction between forcible entry and forcible detainer as constituting separate causes of action is just as true of forcible entry and unlawful detainer. We held as much in Gray v. Titsworth, supra. A mere reading of the governing statute, 1941 Comp. § 38-901, compels such a conclusion. The first subsection covers the case of an unlawful and usually forcible entry on one in possession. The four remaining subsections, on the other hand, represent instances where a possession rightful in its origin becomes unlawful by a holding over after termination or contrary to the terms of a lease and so forth.

As an answer to these controlling considerations, it is suggested that through seeming inadvertence, when the legislature prescribed a statutory form for use in forcible entry and detainer, it forgetfully provided one for forcible entry only, thus neglecting to furnish one for the more frequently occurring case of unlawful detainer. Such an answer makes slight appeal to reason and should be accepted only if inescapable.

It seems perfectly obvious from a reading of the prescribed form (1941 Comp. § 38-1101), enacted as Section 124 of L. 1875-76, c. 27, authorizing forcible entry and detainer actions, that it was adaptable either to forcible entry and detainer or unlawful detainer as the facts might warrant. The form first prescribes the allegation that plaintiff is "lawfully possessed" (for forcible entry), followed immediately by the parenthetical language, "or lawfully entitled to the possession" (for use in the event the case is one of unlawful detainer instead). The prescribed allegation—"the said defendant, C. D., on the day and year, and at the county aforesaid, unlawfully and with force"—is followed immediately (in the very midst of allegations appropriate only in forcible entry and detainer) by the parenthetical legislative admonition "according to the facts".

It is as though the legislature had said: "You may allege forcible entry but if that allegation does not' fit the facts, then supply allegations according to the facts." That the legislature intended the statutory form of complaint for use in either forcible entry and detainer or unlawful detainer, as the facts might warrant, is emphasized by the fact that the statutory summons provided, which follows immediately the statutory form of complaint (1941 Comp. § 38-1101), calls upon the defendant to "defend against the complaint of A. B., of forcible entry and detainer (or of an unlawful detainer)", etc. The legislature thus provided a statutory summons adaptable either to forcible entry and detainer or unlawful detainer "according to the facts", just as it had provided a statutory complaint employable in either instance, as the facts might warrant.

It was natural that an allegation appropriate to forcible entry and detainer should be first employed in the form prescribed, since that cause of action is provided for in the first subsection of 1941 Comp. § 38-901. It is wholly unreasonable to suppose the legislature simply forgot to provide a form for the three remaining subsections covering instances of unlawful detainer which from their very nature would be much more frequently employed than forcible entry and detainer under the first subsection.

Furthermore, it seems unnatural to suppose the legislature would consider sufficient in a complaint in forcible entry and detainer the mere allegation that on the day mentioned, the plaintiff was "lawfully entitled to the possession" when the broader allegation that he "was lawfully possessed" would affirm as a matter of law his right. to possession. The legislators seemingly were mindful of the rule that in forcible entry and detainer "it is not sufficient.to allege that plaintiff was lawfully entitled to possession". 36 C.J.S., Forcible Entry and Detainer, § 40, p. 1176. If actually in lawful possession, then, of course, the plaintiff was rightfully so and, hence, "entitled to possession". However, he may be lawfully "entitled to the possession" on the day mentioned yet, as a matter of fact, out of possession. If both facts exist, viz., possession and right to possession, the case is one in forcible entry and detainer; if one only exists, namely, right to possession, then the case is one of unlawful detainer.

Since, as already shown, forcible entry and unlawful detainer are separate causes of action, based on separate and distinct wrongs and hence bad on demurrer if joined as one in a complaint, how could a defendant take advantage of the misjoinder if an allegation touching possession, good as to either forcible entry or unlawful detainer, were deemed permissible? No satisfactory answer has been furnished to this query.

In our opinion the legislature in its original enactment (L.1875–76, c. 27) did not forget that it was providing for three cases of unlawful detainer as against one in forcible entry and detainer and supply

a statutory form of complaint for the one only and neglect the three.

On the contrary, by a wise and generous use of parenthetical expressions, it said in language which he who runs may read that the plaintiff must allege possession if proceeding in forcible entry and detainer and a mere right to possession if proceeding in unlawful detainer.

■ There should be no difficulty in accommodating the statutory form of complaint to either an action in forcible entry and detainer or unlawful detainer only. If the facts suggest the former action, the pleader alleges possession; if they suggest the latter action, the parenthetical phrase, that of right to possession, is employed. Then when he reaches the portion of the complaint which describes defendant's wrong in relation to the land, the pleader either employs or omits the allegation of unlawful entry with force, "according to the facts", as the form itself prescribes, and alleges instead the nature of the unlawful detention, whether by holding over after expiration of a lease, or otherwise, according to the facts. No formality of pleading is required. Substantial compliance with the statutory form of complaint is sufficient. Springer v. Wasson, 23 N.M. 277, 167 P. 712; Puckett v. Walz, 41 N.M. 612, 77 P.2d 623. This court took no exception in Springer v. Wasson, 25 N.M. 379, 183 P. 398, to employment of the statutory form of complaint, even where the evidence might disclose unlawful detainer

only, the case being one of holding over after an execution sale.

It follows from what has been said that the judgment of the trial court is correct and should be affirmed.

It is so ordered.

MABRY and THREET, JJ., concur.

BICKLEY, Justice (dissenting).

Is the action of forcible entry and detainer available by one who is entitled to the possession of land but who is not in the actual physical occupancy thereof at the time of a forcible or other unlawful entry on such land by another?

As I understand the majority opinion the question requires a negative answer.

This leads them to say that the statutory form of complaint employing the phrase "lawfully entitled to the possession" is applicable to unlawful detainer by one lawfully entering into possession and holding over, only.

The trouble started with unfortunate language in Romero v. Gonzales, 3 N.M. 5, 1 P. 171, 173, probably only dicta, since the judgment was reversed upon the ground that the bill of exceptions "being silent on the several issues of force, stealth, intimidation, and fraud in the defendant's mode of entry, * * * there was no evidence to sustain the verdict" (in plaintiff's favor).

The unfortunate language of Judge Bristol is: "The main point on which every

forcible entry and detainer suit must be maintained, if at all, is the fact that the defendant by the mode of entry or detention has committed a wrong in the nature of a public offense, and the object of the statute is to punish the wrong-doer by a restitution of the premises to the plaintiff without inquiry as to which has the legal right of possession. * * * As already indicated, the main object and purpose of the statute is to prevent persons from disturbing the public peace, or perpetrating gross and willful wrongs, by maintaining by actual force or fraud what they claim as private rights in the possession of land."

This idea has persisted in our decisions cited and quoted by the majority. But as far as I can discover, what Judge Bristol said in Romero v. Gonzales was accepted without re-examination in the light of reason or in the light of amendments to the statute subsequent to the date of that opinion.

I recommend a reading of the abstract of the brief of Catron & Thornton appended to the report of Romero v. Gonzales.

Because of the importance of what I think was a correct contention, I quote more fully from that brief:

"The Statute of New Mexico goes farther than the statute of most states; it not only gives the right to bring this action when the entry was with force but includes cases where the entry is by fraud or stealth. The evident object of adding these two clauses was to include all kinds of unlawful entry.

"What was intended as an entry by stealth, could only mean an entry in the absence of the owner or person in possession. Mr. Webster defines stealth to mean "means unperceived employed to gain an object, way or manner not perceived." This is what the law makers intended. They declared that a forcible entry should be unlawful, and that an entry by fraud should be unlawful, and further that it should be unlawful for any person to sit by and watch until the party in possession shall be called away from his premises and then quietly in his absence take the possession of his farm. Such an entry is just as wrongful and injurious to the owner as though it had been by force or fraud. The law never intended to permit a person to do this and thus bring on a private broil or force the person who has been in possession to a long suit in ejectment to recover his possession.

"The facts in the case were sufficient to be left to the jury to say whether the entry was by stealth or fraud and their decision is final."

I think that Messrs. Catron and Thornton as attorneys, and Chief Justice Prince, the district judge trying the case, were eminently correct in their view that the practical and useful remedy of forcible entry and detainer was not intended by the legislature which enacted it in 1876 to be limited to cases where the facts showed a forcible

entry amounting to a breach of the peace, which is a public offense.

The vice in the opinion of Justice Bristol, concurred in by Justice Bell, was in giving too narrow a definition of *possession* of the plaintiff and also in overlooking the fact that the remedy applied to cases where the plaintiff was not in the actual physical possession of the property at the time of the entry of the defendant, and in overlooking the fact that the entry of the defendant might be by fraud or stealth as well as being forcible.

In Phelps v. Randolph, 147 Ill. 335, 35 N.E. 243, 245, the court said: "No breach of the peace was committed, but the entry was a forcible one, one which the statute forbids. Where a person is in the possession of a tract of land, cultivating it, or using it for pasture, but not residing upon it, he is entitled to the same protection as against an intruder as he would be if he resided upon the land. His absence from the land is not a license or invitation for any one to enter, and an entry in the absence of the party in possession, against his will, may be regarded as forcible, and in violation of the statute."

It will be noticed that Bristol, J., in Romero v. Gonzales cited Dickinson v. Maguire, 9 Cal. 47.

That case was decided in January 1858, and I think it was more helpful to the appellee in Romero v. Gonzales than to appellant, and is worth quoting. The court said: "The first section of the statute of this state, Wood's Digest, 467 prohibits—1.

An unlawful entry into lands, tenements, or other possessions; And 2, A forcible entry when the right of entry exists. The same section then provides, in reference to both these cases, that 'if any person do the contrary, and be thereof duly convicted, he shall be punished by fine.' The second and third sections also clearly recognize the distinction between a forcible and unlawful entry."

After further discussion of the statute the court went on to say:

"Putting these different provisions together, and looking to the spirit and scope of the act, the action may be maintained in the following cases:

"1. When the entry is forcible. *

"2. When the entry is simply unlawful and the detainer forcible.

"3. When the entry was lawful and the holding-over forcible. * * *

"As to what shall constitute a forcible detainer, it may be difficult to define in language so exact and certain as to exclude all room for reasonable doubt. The circumstances of different cases are so various as to make this impossible. But it may be stated in general terms that there must be something of personal violence, either threatened or actual. If, when the possession of the premises is demanded of the party, he, by word or act, look or gesture, gives reasonable ground to apprehend the use of force to prevent the rightful claimant from obtaining peaceable possession, this would be sufficient. It is not necessary

for the claimant to wait until actual violence is resorted to.

"It would seem that, in most cases, it would be no difficult matter before the commencement of the suit, to put the question as to whether the detainer be forcible or not, in a shape susceptible of easy proof. A clear and distinct demand of the possession, accompanied with an offer to take peaceable possession, by the claimant, would put the party making the unlawful entry at once in the wrong, if he refused peaceably to yield up the possession. There should be something to show that the claimant cannot obtain peaceable and easy redress by his own act, in such a case, before he can resort to this severe remedy. A party may, in some instances, enter into premises without color of title, and with no design to occupy adversely, and be willing to give up the possession when demanded. If the party making an unlawful entry, will peaceably quit the premises when demanded, he will be only responsible for a trespass, and not for a forcible detainer."

The case seems to have been decided, or at least controlled by the state of the pleadings. The court said: "There is, in the complaint in this case, no allegation of a forcible entry, or of a forcible detainer."

It is not unlikely that our territorial legislature of 1875–76 examined the California and Missouri and other statutes.

It seems to me, just as Messrs. Catron and Thornton argued, that our legislature in 1876 by saying that the remedy was as much available as against one who entered the lands of another by fraud or stealth when the owner or person entitled to possession of same was absent therefrom as it would be for one who was in actual physical possession of the premises and was ousted therefrom by force, accomplished the same thing achieved in California.

I have gone back to the California statute which I find in the California Code of Civil Procedure, published in 1872, and which was probably under consideration in the Dickinson v. Maguire case, cited by Judge Bristol, and which is as follows (sections 1159–1161) :

"Forcible entry defined. Every person is guilty of a forcible entry who either :

"1. By breaking open doors, windows, or other parts of a house, or by any kind of violence or circumstance of terror enters upon or into any real property; or,

"2. Who, after entering peaceably upon real property, turns out by force, threats, or menacing conduct, the party in possession.

"Forcible detainer defined. Every person is guilty of a forcible detainer who either :

"1. By force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise; or,

"2. Who, in the nighttime, or during the absence of the occupant of any lands, unlawfully enters upon real property, and

who, after demand made for the surrender thereof, for the period of five days, refuses to surrender the same to such former occupant.

"The occupant of real property, within the meaning of this subdivision, is one who, within five days preceding such unlawful entry, was in the peaceable and undisturbed possession of such lands.

"Unlawful detainer defined. A tenant of real property, for a term less than life, is guilty of an unlawful detainer:

"1. Where he continues in possession of the property, or any part thereof, after the expiration of his term, without the permission of the landlord; but in case of a tenancy at will or sufferance, it must first be terminated by notice, as prescribed in The Civil Code;

"2. Where he continues in possession, after a neglect or failure to perform the conditions or covenants of the lease or agreement under which the property is held, and three days notice, in writing, requiring the performance of such conditions or covenants, or the possession of the property, shall have been served upon him;

"3. Where he continues in possession, without such permission, after default in the payment of rent pursuant to the agreement under which the property is held, and three days notice, in writing, requiring payment of the rent or possession of the property, shall have been served upon him."

I think our legislature of 1875–76, by the language employed, accomplished the same thing that was contemplated by the California statute last above quoted. That is, the remedy was available against:

1. Persons guilty of forcible entry.

2. Against persons guilty of forcible detainer.

3. Against persons guilty of unlawful detainer.

The reader should refer to Sec. 38-901, Comp.1941. As the compiler suggests, in the paragraph "First" of the section, a period should follow the words "detains the same". That is the way the act stood prior to the amendment of 1889.

So, prior to the amendment it is my view that the statute in paragraph "First" contemplated forcible entry as where a defendant entered by means of force or intimidation, which would include threats, menaces of any sort and, secondly, forcible detainer where a defendant entered without force or intimidation but by fraud or stealth and detains the same, and that the paragraphs marked "Second" and "Third", which were in the original enactment, contemplate an unlawful detainer as distinguished from a forcible detainer, since paragraphs "Second" and "Third" contemplate that the entry was lawful but the defendant was unlawfully holding over.

It will be noticed in the article in 22 Am. Jur. on Forcible Entry and Detainer, commencing at page 905, that in Sec. 28 the text writer says: "In some jurisdictions, however, the courts have widened the conception of forcible entry to include

the obtaining of land by fraud, stealth, or other unlawful means, as well as by actual violence."

That is exactly what I think the legislature of 1875–76 did. That is to say, they widened the conception of forcible entry when they included the words "fraud or stealth." The Am.Jur. text writer goes on to say: "Since the proceeding for forcible entry and detainer is purely statutory, it follows that a comprehensive view of what is regarded by the courts as constituting a forcible entry can only be obtained by considering the statutes of the several states with reference to which the decisions have been pronounced. Some of these statutes have entirely perverted the original meaning of the word "force" and define as "forcible" entries that are obviously peaceable. Many cases are, accordingly, to be found in which forcible entry and detainer proceedings are grounded on acts that amount only to ordinary trespasses upon real property. In some jurisdictions, forcible entry is defined by statute as including any entry, however quiet, against the will, or merely without the consent of, the party in possession; and the proceeding can be maintained by the person in possession against one who enters upon even vacant or unoccupied lands without right or title. To constitute forcible entry and detainer under such statutes, therefore, it is not essential that the entry he made with a strong hand, or be accompanied with actual force or violence, either against persons or property. The word "force", as used therein, means no more than the term "vi et armis" at common law—that is, with either actual or implied force."

I think our legislature, by the amendment of 1889, which said: "It shall be sufficient to prove that defendant entered upon and occupied the premises against the will or consent of the owner or owners thereof; and that after having been notified by the owner, his agent or attorney to vacate the same, he refused to do so." cast us in the group of cases referred to in the Am.Jur. text last above quoted.

A note to the Am.Jur. text gives the following illustration: "A landlord who entices the tenant outside the building by a ruse and then locks the door and forcibly prevents a re-entry is guilty of forcible entry and detainer. Pelavin v. Misner, 241 Mich. 209, 217 N.W. 36, 60 A.L.R. 276."

Since we know that many of our earlier statutes were patterned after those of California, I give further emphasis to the system in that jurisdiction. See White v. Pfieffer, decided by the Supreme Court of California in 1913 and reported in 165 Cal. 740, 134 P. 321. The court said: "The premises were vacant when defendant entered them; they had theretofore been occupied by tenants of the plaintiff. This appearing, appellant asserts that, to support an action for forcible detainer based upon an unlawful entry, actual physical possession of the property by the plaintiff when the alleged unlawful entry is made must be shown. But, the complete answer to this

is afforded by section 1172 of the Code of Civil Procedure where, as showing the possession required of the plaintiff in forcible detainer, it is declared that a plaintiff shall only be required to show that he 'was entitled to the possession at the time of the forcible detainer.' "

I went back to the California statutes and find in the Code of Civil Procedure of 1903 that the section cited in the opinion declares: "On the trial of the proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of forcible entry, *or was entitled to the possession at the time of the forcible detainer."* (Emphasis supplied.)   Section 1172.

I observe that this statute was enacted March 11, 1872. This was three or four years prior to the original enactment of our statutes on forcible entry and detainer which, as amended in some particulars, are in force at the present time. It is not unlikely that our territorial legislature of 1875–76 may have borrowed the spirit of the California statute and accomplished the same purpose by use of the words in the form which indicated that the plaintiff could either plead that he was "lawfully possessed" or "lawfully entitled to the possession" of the premises described.

Going to one of the older texts, the American and English Cyclopedia of Law,

Vol. 13, article on forcible entry and detainer, page 753, I find this statement: "In some cases the action may be brought by the person having the right of possession although he never had possession in fact of the land. Thus, when an entry is made into vacant or unoccupied lands or tenements without right or title, the person entitled to the premises may bring an action for their recovery."

In Standard Encyclopedia of Procedure, Vol. 8, on forcible entry and detainer at page 1110, 1111, it is said:

"The complaint must show that plaintiff had possession *or was entitled thereto* at the time of the defendant's entry or wrongful holding. But a complaint that sets forth the facts constituting title and right of possession and the unlawful detention, is sufficient without alleging the legal conclusion that plaintiff is the owner of and entitled to possession, or that the possession is wrongfully detained from him. * * *

"While an allegation that a party is entitled to possession is usually a mere conclusion of law; in actions for forcible detainer such an allegation is sufficient, without setting out the facts upon which it is based." (Emphasis supplied.)

In Central Law Journal, Vol. 29 (1889), at page 124 there is an article on "Forcible Entry and Detainer and Unlawful Detainer" in which the broad statement is made: "In the action of forcible entry and detainer, it appears that the plaintiff must have had a prior actual and peace-

ble possession of the land sought to be recovered." Further on, however, it is said: "It has been held, however, that taking possession of a house, at the time unoccupied, will not constitute the offense of forcible entry. *The contrary doctrine was announced in Wisconsin."* (Emphasis supplied.)

That reflects the two doctrines. The writer went on to say: "In the Wisconsin case the court say: 'The dwelling house was undoubtedly in the possession of the plaintiff, though vacant at the time. The doors and windows were all fastened in the usual manner. There had been some negotiations between the parties about purchasing the property, but it is fair to assume that no trade had been consummated by a sale and delivery of possession. The plaintiff held the key. The defendant had asked him for it and had been refused. The defendant then made an entry into the house after dark, by forcing open a window which was fastened, after trying to get in through the back door. He thus obtained possession and occupied the house for a day or two with his family and household goods before the plaintiff knew of his entry."

In the case at bar it is apparent from the allegations of the complaint in forcible entry and detainer that someone, perhaps in privity with the plaintiff, had been in possession of the premises because there was a fence around the premises and a building upon it which the defendant is charged to have invaded by taking down the gate in the fence and forcing open the door of the building on the premises. We are in the dark as to whether the plaintiff had previously been in possession of premises and was temporarily absent, or whether his ancestors or predecessors in title had been in possession of the premises. Perhaps the plaintiff could have made out a case of possession notwithstanding a temporary absence, or that the premises were vacant at the time of the unlawful entry, but he did not have to do so since the statute authorizes the plaintiff to allege that he is "entitled to the possession."

The article in the Central Law Journal, supra, goes on to say: "And in Texas it is held that an entry made in the absence of a plaintiff is a forcible entry. So also, in New Jersey, it was said by Chief Justice Beasley that, even at common law the taking possession of a house by breaking into it, in the absence of the owner, constituted a forcible entry."

It has been said that it is illogical to say that a defendant forcibly entered the premises of the plaintiff when the plaintiff was not at the moment in the actual physical occupancy of the land. It may be conceded that an intruder on land cannot by his ouster engage in a physical encounter with the owner or one entitled to the immediate possession of the land if he is not on the land at the time of the entry by defendant, but all the same the possession of the owner may be invaded by violent acts, or by the fraud or stealth of the invader.

As I have said, some courts including our own have probably given too narrow a meaning to the phrase "lawfully possessed" and to the word "possession". I think the Illinois Appellate Court in Baragiano v. Villani, 117 Ill.App. 372 correctly defined possession as follows: "Possession means simply the owning or having in one's power. It may be actual, or it may be constructive."

I think the majority and others have confused "possession" with "occupancy".

The Restatement of the Law of Torts, dealing with offenses involving land, has at Sec. 157 defined "Possession":

"In the Restatement of this Subject, a person who is in possession of land includes and includes only one who

"(a) is in occupancy of land with intent to control it, or

"(b) has been but no longer is in occupancy of land with intent to control it, if, after he has ceased his occupancy, no other person has obtained possession as stated in Clause (a), or

"(c) has the right as against all persons to immediate occupancy of land, if no other person is in possession as stated in Clauses (a) and (b)."

So the right to immediate occupancy in my opinion will satisfy either allegation of the form, "lawfully possessed" or "lawfully entitled to the possession".

I think the legislature, in the form prescribed, planned it that way out of abundant caution to forestall the contention made in the case at bar by appellant and accepted by the majority.

In all the foregoing I have discussed the statute merely as it stood prior to any amendment. Examining the amendments to the statute, it seems perfectly plain that the Court in Romero v. Gonzales, supra, having said that it meant something different from what Chief Justice Prince, and Catron and Thornton said that it meant, that the legislature in its session in 1884, Ch. 4, set about to repeal the opinion of Bristol, J. in Romero v. Gonzales, at least in so far as the farmers were concerned, by the enactment of a statute which is carried forward as Sec: 38-902, and is as follows: "Occupation and cultivation prevent absence from constituting abandonment—Remedy against person making adverse entry.—Any person who may be lawfully and peaceably in the possession of any land, and shall have cultivated, occupied or used the same, or any part thereof, in any one (1) year, shall not be deemed or held to have abandoned the same when absent therefrom, unless he fails to re-enter the same in good faith on or before the fifteenth day of April, next following the last year in which he cultivated, occupied or used the same, with the intent of occupying, cultivating or using the same, or some part thereof, from year to year—and any person who may make an adverse entry to him during such time, except lessees, after the expiration of their term, and persons, whose permission he has to use, occupy or cultivate

the same, or any part thereof, and after such permission expires, shall be deemed guilty of forcible entry and unlawful detainer, and subject to the laws governing the same."

After 1884, therefore, it was not necessary, as Bristol, J. said in Romero v. Gonzales, that the plaintiff had to be in the actual physical occupancy of his land at the time of the forcible entry. (At least if he were a farmer.)

Then in 1889, which was just six years after the case of Romero v. Gonzales was decided, the legislature, by Ch. 92 of the session laws of that year, completely repealed the opinion of Bristol, J., by saying that it was not necessary that there be any breach of the peace, and added in very sweeping language: "it shall be sufficient to prove that defendant entered upon and occupied the premises against the will or consent of the owner or owners thereof; and that after having been notified by the owner, his agent or attorney to vacate the same, he refused to do so."

That amendment brought our statute within the class of statutes of other jurisdictions referred to in the Am.Jur. text, which I have heretofore quoted: "In some jurisdictions forcible entry is defined by statute as including any entry, however quiet, against the will or merely without the consent of the party in possession;"

I think that these amendments whittle down our decisions to two in number insofar as they may seem to be contrary to a proper interpretation of the statute. Romero v. Gonzales has been repealed by the amendment even if it was ever right, and Patten v. Balch, 15 N.M. 276, 106 P. 388, is very unsatisfactory and difficult to understand, and it is rather doubtful that it holds the same thing that Romero v. Gonzales did. Then, coming to Murrah v. Acrey, 19 N.M. 228, 142 P. 143, which was written by Judge Roberts who was an able and careful lawyer, my only explanation is that the statute was not reconsidered carefully and the question involved, growing out of a conflict of claims of rights to possession of unsurveyed public lands, Romero v. Gonzales was cited without taking into consideration that it had been repealed by the legislature.

Then in Heron v. Ramsey, 45 N.M. 491, 117 P.2d 247, we had our minds on the sufficiency of the possession of the plaintiff, and again followed these older cases without a reexamination of the statute.

I would favor a declaration that these cases shall be no longer followed since they establish no rule of property.

There is a practical explanation for our legislature in 1875-76 broadening the scope of the forcible entry and detainer action beyond that existing in some other jurisdictions. I get this thought from the opinion of the Montana Supreme Court in Cashman v. Vickers, 69 Mont. 516, 223 P. 897, 900, where the Court was discussing the jurisdiction of justices of the peace in forcible entry and detainer cases

and showing why the jurisdiction of the justices of the peace ought to be upheld. The Court said: "Montana is a state of vast extent. While large portions of it are susceptible of close settlement, others by reason of physical conditions can never be otherwise than sparsely occupied. And yet in the less-favored portions there are and will be valuable ranches, farms, and mines, and villages and towns. In 1889 there were but 16 counties in all Montana, 2 of them, Custer and Dawson, being two of the largest, if not the two largest, counties in the United States. Now, 35 years later, there are 16 counties, and some of them are very large, within the territory formerly embraced within the boundaries of Custer and Dawson. The Constitution provided for eight judicial districts, the seventh comprising Yellowstone, Custer, and Dawson counties. Article 8, § 13. The Constitution commands that four terms of the district court shall be held yearly in each county (section 17), but the framers knew there might be long intervals between jury terms. Long distances from the county seats in the extensive counties of Montana there were towns in which there were justices of the peace. Thus justices' courts were available to suitors in forcible entry and unlawful detainer actions. If resort to the district court had been compelled, long trips to the county seat with consequent inconvenience and expense, as well as great delay, would have been the certain result, and justice delayed frequently would have been jus-

tice denied. It was foreseen that unless a wide jurisdiction was given justices' courts in actions for forcible entry, forcible detainer, and unlawful detainer, relief from the district court being unavailable for long periods of time, serious and frequent disturbances of the peace—the very evils which the remedy of forcible entry and detainer was designed to prevent—were certain to result."

That history of the situation in Montana fits early New Mexico conditions like a glove.

I do not think we should be troubled at the present time about the question of jurisdiction of justices of the peace in forcible entry and detainer cases as affected by the question of whether "the title to real estate or the boundaries of land may be drawn in dispute." That is a question which would have to be settled according to the facts of the particular case.

For instance, under Sec. 38-901, Code 1941, sub-paragraph "Fourth" it is said that the remedy is available "when the defendant continues in possession after a sale by foreclosure of mortgage, or on execution, unless he claims by a title paramount to the mortgage by virtue of which the sale was made, or by title derived from the purchaser at the sale." I would hesitate to say that that provision is necessarily unconstitutional.

In 115 A.L.R. at page 504, is an annotation on the subject "When title to real property deemed involved within the contem-

plation of the statute providing that justices of the peace (or similar court) shall not have jurisdiction of matters relating to title of land." At page 510 is a subdivision of the annotation treating of "actions to recover possession of land." The writer of the annotation says: "In actions to recover possession of land, such as actions for forcible entry and detainer, generally, but not universally, the title to the land is not involved so as to divest of jurisdiction a justice's court or a court having similar jurisdiction in this respect." There are a great many citations to this statement.

It is the *facts* attempted to be proved which will determine the question in each individual case.

We have already decided: "Question of title to land raised only indirectly will not oust jurisdiction of justice of the peace." To this decision is appended the annotation above referred to.

It is my view that since the judgment in a forcible entry and detainer case does not purport to pass title, the question of whether plaintiff has title is only incidental to plaintiff's right of possession.

In a forcible entry and detainer case there is no prayer that title be adjudicated, and logically there is nothing to deprive the justice court of jurisdiction from the circumstance that plaintiff may offer a deed in evidence to show that he is entitled to possession. There could be no contention that the decision of the justice court that plaintiff upon the basis of evidence of title was entitled to possession would be res judicata as to title.

From all of the foregoing I conclude that the appellant's complaint stated a cause of action. Therefore I dissent.

BRICE, Justice (dissenting).

I agree with Mr. Justice BICKLEY that our statute before and after the amendment of 1889 did not require prior actual possession of the plaintiff as a condition precedent to maintaining the action; and since that amendment the action may be maintained against one who enters into and occupies the premises of another "against the will or consent of the owner, or owners, thereof," after due notice to vacate whether or not the owner was in actual possession. But aside from this, it is my opinion that the complaint stated a cause of action.

There are two insuperable obstacles that preclude the use of the statutory form in question, in cases of unlawful detainer; (1) The statute provides only that it shall be used in cases of "forcible entries and detainers," and (2) the form itself (which must be verified by affidavit) contains allegations of fact totally inconsistent with actions of unlawful detainer; for instance to recover from a tenant who has held over after the expiration of the term.

The original forcible entry and unlawful detainer statute was passed in 1876 (Ch. 27 N.M.L. 1876), and in the same act (now Sec. 38-1101 N.M.Sts. 1941 as amended) a form of complaint was prescribed, but it is

obsolete since the amendment of 1889. The original statutes were as follows:

"Sec. 101. That an action for forcible entry or unlawful detainer of real property may be prosecuted before any justice of the peace in the township where the property is situated, in the following cases:

"1st. When the defendant has by force, intimidation, fraud or stealth, entered upon the land and tenements of another and detains the same.

"2nd. When a lessee, or tenant holds over after the termination or contrary to the terms of his lease or tenancy.

"3rd. When the tenant fails to pay the rent at the time stipulated for payment.

"4th. When the defendant continues in possession after a sale by foreclosure of mortgage on execution, unless he claims by a title paramount to the mortgage by virtue of which the sale was made, or by title derived from the purchaser at the sale."

"Sec. 124. The following forms are prescribed for the use of justices of the peace in the *actions mentioned,* and shall be used by them in all such cases (Emphasis mine)

"In Forcible Entries and Detainers
"Complaint

"A. B. ⎫
    V. ⎬
  C. D. ⎭ Before E. F., justice of the peace in and for —— precinct, number —— in —— county.

"A. B., plaintiff in the above entitled cause, complains and says, that heretofore, to wit: On the —— day of —— A. D. 19— at the county of ——, he was lawfully possessed (or lawfully entitled to the possession) of a certain tract of land, (or a certain tenement, etc), situated in said county, known, designated and described as follows: (here describe the land or tenement with reasonable certainty), and being so thereof lawfully possessed (or lawfully entitled to possession), as aforesaid; the said defendant, C. D., on the day and year, and at the county aforesaid, unlawfully and with force (according to the facts), entered into and upon the said tract or parcel of land (or tenements), and detained and held the possession thereof, and such, (still) detains and holds the possession thereof against the plaintiff. Wherefore the said plaintiff says that the said defendant is guilty of forcible entry and detainer, contrary to the form of the statute in such case made and provided.

"(Signed)   A. B."

The majority state: "It seems perfectly obvious from a reading of the prescribed form (1941 Comp., § 38-1101), enacted as section 124 of L. 1875-76, c. 22, authorizing forcible entry and detainer actions, that it was adaptable either to forcible entry and detainer or unlawful detainer as the facts might warrant. The form first prescribes the allegation that plaintiff is 'lawfully possessed' (for forcible entry), followed immediately by the parenthetical

language, 'or lawfully entitled to the possession.' "

Then there follows an apparent attempt to apply the form to cases of unlawful detainer, but in fact showing that a totally different form must be used, thus disproving the basic theory resorted to for the affirmance of this case.

The phrase in parentheses "(according to the facts)" could have reference only to the manner in which the defendant "unlawfully and with force entered into and upon the land." There is nothing else to which it could refer. The imaginary intent of the legislature suggested cannot be resorted to for the construction of a perfectly unambiguous statute.

As stated, since the amendment of 1889 the form is obsolete and many of the allegations of facts originally required need not now be proved. The form requires the pleader in *every case* to state that the defendant *"unlawfully and with force * * * entered into and upon"* the land and detained and held possession thereof. These facts are foreign to unlawful detainer cases, as is the prayer for relief; "Wherefore the said plaintiff says that the said defendant is guilty of *forcible entry and detainer."* There is no provision for a departure from this form, and "the complaint of the plaintiff must be made upon oath." Sec. 38-905, N.M.Sts. 1941.

I need not enter into a discussion as to whether a forcible entry is in itself a cause of action. It is not a statutory action; only an action based upon entry and detention is provided for by the first paragraph of Sec. 38-901, N.M.Sts. 1941; and that action is "forcible entry and detainer."

The actions for which forms of complaint were prescribed in the statute mentioned, are *forcible entries and detainers,* attachment and replevin. No statutory form was prescribed for use in cases of unlawful detainer.

The only possible construction of the phrase therein, "he was lawfully possessed (or lawfully entitled to the possession)" is that it prescribes alternative allegations, either of which may be used in actions of forcible entry and detainer. Either is consistent with the facts that must be proved in such action, even assuming that actual possession is a condition precedent to the right of action.

The inconsistency in the form, if any, upon which the majority rest their conclusion is trivial compared with those to which I have referred, that oppose any such construction. The complaint is sufficient, and the cause should be reversed.